**VERNITRON CORPORATION and American Medical Instrument Corporation, Plaintiff-Appellees,**

v.

**Paul BENJAMIN, Defendant-Appellant.
No. 400, Docket 35375.**

United States Court of Appeals, Second Circuit.

Argued Jan. 19, 1971.

Decided March 5, 1971.

Certiorari Denied May 17, 1971.
See 91 S.Ct. 1664.

Charles H. Miller, New York City (Marshall, Bratter, Greene, Allison & Tucker, New York City, Arthur J. Ginsburg, New York City, on the brief), for plaintiff-appellees.

Edward N. Costikyan, New York City (Paul Weiss, Goldberg, Rifkind, Wharton & Garrison, New York City, Joel S. Taylor, New York City, on the brief), for defendant-appellant.

Before HAYS and ANDERSON, Circuit Judges, and TYLER, District Judge.*

TYLER, District Judge:

Defendant-appellant ("Benjamin") appeals from an order of the District

* Sitting by designation.

Court for the Southern District of New York granting a preliminary injunction against his continued prosecution of an action in the Supreme Court of New York, New York County, against plaintiff-appellees ("Vernitron") and their attorneys (in their capacity as escrow agent).

In December, 1967, Benjamin executed a written contract with Vernitron for the sale of all the assets of his wholly-owned corporation, American Medical Instrument Corporation ("Amico"). The original contract provided that Benjamin was to receive $1,500,000 worth of Vernitron common stock; six months later, by mutual agreement, that figure was reduced to $1,300,000. The contract provided that the stock was to be held in escrow by Vernitron's attorneys. During the thirteen months immediately following the sale, Benjamin could demand the registration of $250,000 worth of these shares, the number of such shares to be determined by the closing price of Vernitron shares on the American Stock Exchange just prior to the expected effective date of registration. Pursuant to these terms, in June 1968, Benjamin secured the registration of and sold slightly less than $250,000 worth of stock. On February 1, 1969, Benjamin requested the registration of the balance of the shares, approximately $1,050,000 worth. To date Vernitron has failed or refused to register those remaining shares.

On November 6, 1969 Benjamin commenced an action against Vernitron in the state court alleging breach of contract. Vernitron counterclaimed, alleging breaches of eight warranties and demanding rescission for failure of consideration.

Following some discovery, on June 2, 1970, Benjamin moved for summary judgment at Special Term of the Supreme Court of New York. On June 16,

three days before the adjourned return date of Benjamin's motion, Vernitron commenced this federal action wherein allegations essentially the same as its counterclaims in the state court are pleaded; in addition, the complaint pleads violations of Sections 10(b) and 29(b) of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b), 78cc(b), and common law fraud. At the same time, Vernitron brought on a motion for a preliminary injunction staying further proceedings in the state court and requesting immediate issuance of a temporary restraining order. The district court refused to issue the temporary restraining order on June 16, and three days later Benjamin's summary judgment motion was argued before Mr. Justice Helman at Special Term.

On July 16, 1970, Justice Helman filed a decision granting Benjamin partial summary judgment and denying Vernitron's motion for a stay of the state court suit. He granted partial summary judgment in the amount of $1,050,000, less the approximate sum of $42,000 which he found to be the maximum alleged value of Vernitron's counterclaims.[1] In granting partial summary judgment, Justice Helman ruled that there were insufficient factual allegations to support Vernitron's claims of "indeterminate damage" and its right to rescission

On July 27, before judgment could be entered on the basis of the opinion of Special Term, the district court filed its opinion, 317 F.Supp. 185, granting Vernitron's motion for a preliminary injunction, staying Benjamin and his attorneys "during the pendency of this action from taking any steps or proceedings in the prosecution of the lawsuit" in the state court.

The district judge was of the opinion that a stay of the state court action fell within an exception to the anti-injunction statute, 28 U.S.C. § 2283, as "neces-

---

1. New York CPLR § 3212(e) provides in pertinent part that " * * * in any action summary judgment may be granted as to one or more causes of action, or part thereof, in favor of any one or more parties, to the extent warranted, on such terms as may be just."

sary in aid" of the federal court's exclusive jurisdiction over matters arising under the Securities Exchange Act of 1934, as provided in Section 27. 15 U.S.C. § 78aa. He reasoned that any factual issues determined in the state court would have a collateral estoppel effect in the federal litigation—e. g. that Vernitron would be estopped from establishing facts determined against it in the state litigation though relevant to its rights under federal law. He concluded that the net effect of such estoppel would be to deprive the federal court of its exclusive jurisdiction over Securities Exchange Act claims.

■■ We disagree with this ultimate conclusion. There can be no question but that the doctrine of collateral estoppel would be applied in any instance where the state court had determined a factual issue arising in a subsequent federal litigation. Restatement of Judgments, Chap. 3, § 68(1) (1942); e. g. Connelly v. Balkwill, 174 F.Supp. 49 (N.D.Ohio 1959). But, to justify an injunction of a state court action, "[i]t is not sufficient to show that the matter properly before a state court embraces issues within the compass of the federal suit, even if the federal court has exclusive jurisdiction over its case." Greater Continental Corporation v. Schechter, 304 F.Supp. 325, 330 (S.D.N.Y.1969), appeal dismissed 422 F.2d 1100 (2 Cir. 1970); accord, Lyons v. Westinghouse, 201 F.2d 510 (2 Cir. 1953). There is no reason why the state court cannot or should not determine issues of fact and state law relevant thereto as they come up in the state litigation. The subsequent effect of collateral estoppel, far from requiring the federal court to stay proceedings in the state court, is a result which should be welcomed to avoid the task of reconsidering issues which have already been settled by another competent tribunal. Klein v. Walston Co., 432 F.2d 936 (2 Cir. 1970); see,

generally, Restatement of Judgments, Chap. 3, § 70 (1942).[2]

■■ The policy of the anti-injunction statute, 28 U.S.C. § 2283, is to prohibit enjoining of state court suits except in those situations where the real or potential conflict threatens the very authority of the federal court. The only conceivable interference here would be an attempt by the state court to determine issues of federal law, a task which it certainly has not as yet undertaken and which in any event would be wholly without effect.

■ As to the other exceptions to Section 2283, there is no contention that an injunction is "necessary * * * to protect or effectuate" a judgment of a court of the United States. Vernitron, however, argues that an injunction is warranted by a third exception, "as expressly authorized by Act of Congress." Specifically, it relies on Section 21(e) of the Securities Exchange Act (15 U.S.C. § 78u) authorizing the SEC to obtain an injunction against persons "engaged or about to engage" in acts in violation of the Securities Exchange Act. The plain wording of that statute would seem to foreclose Vernitron's contention. Moreover, Studebaker Corporation v. Gittlin, 360 F.2d 692 (2 Cir. 1966), relied upon by Vernitron is inapposite in that the prosecution of the state action there relevant would itself have furthered the violation of the Securities Exchange Act.

■ Finally, Vernitron should not be permitted to use the exceptions to Section 2283 as a means of avoiding an adverse state decision and in effect obtaining appellate review thereof in a federal district court. See, e. g., Atlantic Coast Line Railroad Co. v. Brotherhood of Locomotive Engineers, 398 U.S. 281, 90 S.Ct. 1739, 26 L.Ed.2d 234 (1970).

Reversed and remanded with the direction to forthwith vacate the stay order.

2. It is perhaps worth noting that the decision of this court in Klein v. Walston Co. came down after the opinion of the district court in this case.