c.d. V.2.(U.S.1019

**THIOKOL CHEMICAL CORPORATION,**
Appellant in No. 19,166,
v.
**BURLINGTON INDUSTRIES, INC.,** Appellant in Nos. 71–1030 and 71–1031,
and Avisun Corporation.

Appeal of AVISUN CORPORATION,
Appellant in No. 71–1029.

Nos. 19166, 71–1029 to 71–1031.

United States Court of Appeals,
Third Circuit.

Argued March 30, 1971.

Decided Sept. 7, 1971.

William C. Conner, Curtis, Morris & Safford, New York City, for Thiokol in 19166 and as appellee in 71–1029/31. (Thomas S. Lodge, Connolly, Bove & Lodge, Wilmington, Del., Gordon K. Lister, Curtis, Morris & Safford, Joseph A. McManus, James E. Hughes, Hugh F. Fitzgerald, Coudert Brothers, New York City, on the brief).

C. Frederick Leydig, Chicago, Ill., for appellant Avisun Corp. in No. 71–1029 and appellee in Nos. 19166 and 71–1030/1 (Aubrey B. Lank, Theisen, Lank & Kelleher, Wilmington, Del., Dennis R. Schlemmer, Wolfe, Hubbard, Leydig, Voit & Osann, Chicago, Ill., William T. McClain, William B. Ross, Chicago, Ill., Theisen, Lank & Kelleher, Wilmington, Del., Wolfe, Hubbard, Leydig, Voit & Osann, Chicago, Ill., on the brief).

Wallace D. Newcomb, Paul & Paul, Philadelphia, Pa., for appellant Burlington Industries in Nos. 71–1030/1 and as appellees in No. 19166 and 71–1029 (Edward B. Maxwell, 2nd, Young, Conaway, Stargatt & Taylor, Wilmington, Del., Hyde W. Ballard, Norristown, Pa., on the brief).

Before HASTIE, Chief Judge, and SEITZ and ALDISERT, Circuit Judges.

## OPINION OF THE COURT

HASTIE, Circuit Judge.

These consolidated appeals are from judgments in two consecutive suits each filed in the District Court for the District of Delaware by the manufacturer of certain carpet backing against owners of certain patents to obtain declaratory judgments as to the validity of the patents and their possible infringement by the plaintiffs.

The complaint in the first suit acknowledges that the defendants have granted the plaintiff a non-exclusive license to use the patents in question and that the plaintiff has paid royalties thereunder for one type of carpet backing that it manufactures and sells. Plaintiff also asserts that it is about to manufacture and proposes to sell a somewhat different backing. It is alleged that the defendants have claimed that both backings are covered by the patents, although in fact and in law the patents are invalid and cover neither backing, and that royalties heretofore paid on one backing were paid in error. The complaint asks for a declaratory judgment that the manufactures in question do not infringe the patents, that the patents are invalid and that the plaintiff is entitled to recover the amounts paid as royalties.

The district court granted a defense motion to dismiss the action for want of federal jurisdiction, 313 F.Supp. 253. The only basis of jurisdiction pleaded or arguable is that section 1338(a) of title 28, United States Code, makes this action cognizable in a United States District Court as one that "arises under" the patent laws.[1]

To support that claim, the plaintiffs rely upon Lear, Inc. v. Atkins, 1969, 395 U.S. 653, 89 S.Ct. 1902, 23 L.Ed.2d 610. But that decision merely abrogated the judge-made doctrine of "license estoppel" which had been a defense to attack by a licensee upon a patent, the benefit of which he had sought and received. Moreover, that case came to the Court for review of a decision of a state court. Thus, the question whether such a suit as we have here is within original federal jurisdiction was not before the court in the *Lear* case.

■ In resolving the jurisdiction question against the plaintiffs, the court below appropriately quoted the rationalization of the Supreme Court in Public Service Comm'n v. Wycoff Co., 1952, 344 U.S. 237, 248, 73 S.Ct. 236, 242, 97 L.Ed. 291: "Where the complaint in an action for declaratory judgment seeks in essence to assert a defense to an impending or threatened state court action, it is the character of the threatened action, and not of the defense, which will determine whether there is federal-question jurisdiction in the District Court."

■ Here, the plaintiff was threatened with no more than a suit by the defendants charging it as patent licensee with breach of contract to pay agreed sums for the licensed use of certain patents.[2] The prospect was that the question of the validity of the patents would arise only as a defense asserted by the

---

1. Section 1338(a) reads:
   "(a) The district court shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, copyrights and trade-marks.
   * * * *"

2. Plaintiff suggests in its brief that defendants, relying on plaintiff's refusal to pay royalties as a repudiation of contract, might terminate the license and then move against plaintiff and its vendees as infringers. But there is no allegation or indication that defendants have proposed or threatened to follow that course.

present plaintiff. Hence, the controversy does not "arise under" the patent laws. Product Engineering & Mfg., Inc. v. Barnes, 9th Cir. 1970, 424 F.2d 42; Ski Pole Specialists, Inc. v. McDonald, 9th Cir. 1968, 159 U.S.P.Q. 709; *Cf.* MacGregor v. Westinghouse Elec. & Mfg. Co., W.D.Pa.1942, 45 F.Supp. 236, aff'd 3d Cir. 1942, 130 F.2d 870.

The appellants cite decisions of lower federal courts which they view as reaching contrary conclusions.[3] However, we agree with the district court that the Public Service Comm'n v. Wycoff rationalization is controlling. The first action was properly dismissed.

In the second case, filed in May, 1970, after the dismissal of the first case, the same plaintiff has sued the same defendants in the same district court again seeking a declaratory judgment that the same patents are invalid. However, after the filing of the first suit and before the filing of the second significant events occurred. In December, 1969, Burlington Industries had sued Thiokol Chemical Corp. in a Pennsylvania state court for royalties allegedly due under the licensing agreement. Thereafter, in March, 1970, the licensing agreement was terminated under procedure provided by the agreement itself.

The district court denied a motion to dismiss this action, 319 F.Supp. 218, and in a separate order restrained further proceedings in the state action pending disposition of this appeal. The defendants sought and have been allowed appeals from the interlocutory order denying their motion to dismiss the action. Appellant Burlington also has appealed from the order temporarily staying the state action.

■ The termination of the license agreement removed the obstacle to federal jurisdiction that precluded the

maintenance of the first suit. Moreover, under the liberal doctrine that prevails in this circuit, we think the second complaint sufficiently discloses a justiciable controversy between the plaintiff and the defendants whether the patents are valid and infringed. *Cf.* Dewey & Almy Chemical Co. v. American Anode, Inc., 3d Cir. 1943, 137 F.2d 68; Treemond Co. v. Schering, 3d Cir. 1941, 122 F.2d 702.

It remains to consider whether granting relief to the plaintiff would violate the statutory command that a "court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. Before the filing of this second federal suit, Burlington Industries had sued the present plaintiff in a state court to collect royalties allegedly due on account of past use of the questioned patents. Moreover, the federal complaint asserts that Thiokol has refused to pay royalties because it believes that the patents are invalid and have not been infringed. Thus, the principal legal issues upon which the state action is likely to turn are the validity and the infringement of the patents. Preferring a federal adjudication of these questions, the plaintiff seeks through the present action to forestall an otherwise competent and authoritative state ruling.

■ In such circumstances, it is clear that section 2283 of title 28 precludes the issuance of a federal injunction restraining the prosecution of the state action. Atlantic C.L.R. Co. v. Brotherhood of Locomotive Engineers, 1970, 398 U.S. 281, 90 S.Ct. 1739, 26 L.Ed.2d 234; Vernitron Corp. v. Benjamin, 2d Cir. 1971, 440 F.2d 105. The fact that the disputed matter turns on a question of federal law does not justify a different result.

3. Leesona Corp. v. Concordia Mfg. Co., D.R.I.1970, 312 F.Supp. 392, and JFD Electronics Corp. v. Channel Master Corp., S.D.N.Y.1964, 229 F.Supp. 514, upon which appellants rely and the more recent decision in Beckman Instruments, Inc. v. Technical Development Corp., 7th Cir. 1970, 433 F.2d 55, do not even advert to the rationalization of the concept of "arising under" the patent laws that we have expressed and believe to be correct and controlling.

For, as pointed out in the *Atlantic Coast Line* case:

"[A] federal court does not have inherent power to ignore the limitations of § 2283 and to enjoin state court proceedings merely because those proceedings interfere with a protected federal right or invade an area preempted by federal law, even when the interference is unmistakably clear. * * *. [I]f the District Court does have jurisdiction, it is not enough that the requested injunction is related to that jurisdiction, but it must be *'necessary in aid of'* that jurisdiction. * * * [T]he state and federal courts had concurrent jurisdiction in this case, and neither court was free to prevent either party from simultaneously pursuing claims in both courts." 398 U.S. at 294–295, 90 S.Ct. at 1747.

██ Normally, the policy that precludes federal injunctions against state actions is also applied to prohibit declaratory judgments which, though not enjoining the state proceeding, would decide and preempt the matter pending there. Oklahoma Packing Co. v. Oklahoma Gas & Electric Co., 1940, 309 U.S. 4, 60 S.Ct. 215, 84 L.Ed. 537; H. J. Heintz Co. v. Owens, 9th Cir. 1951, 189 F.2d 505. True, the statute explicitly prohibits only injunctions. Its analogical extension to prohibit declaratory judgments is justified in situations where the underlying policy against unseemly interference with proper state litigation applies to both. But if the state suit is likely to turn on a question of federal law with which a federal court is likely to be more familiar and experienced than the state court, and if the state court does not proceed in normal course to adjudicate the matter or otherwise manifests willingness to hold its hand pending federal decision on that question,[4] we think it is neither necessary nor desirable to construe section 2283 as precluding the federal court from issuing a declaratory judgment on the common federal question. Indeed, sound policy dictates that the federal court proceed to decision.

██ Accordingly, we conclude that the district court correctly refused to dismiss the second suit. However, that suit should not proceed unless and until it shall appear to and be found by the district court that the state court is willing to hold the matter before it in abeyance pending a declaratory federal adjudication.

Finally, the foregoing considerations do not apply to the district court's order in so far as it enjoined prosecution of the state proceeding pending decision in the second federal action. Even though that injunction is of limited duration and for a commendable special purpose, we think it cannot be squared with section 2283.

At No. 19,166 the order of the district court will be affirmed. At Nos. 71–1029 and 71–1030 the order of the district court will be affirmed with instructions to proceed in the suit as instructed in this opinion. At No. 71–1031 the district court will be instructed to vacate its order. No costs in this court shall be awarded to any party against any other.

---

4. Such action was recently taken by the state Supreme Court in a California case. Order of October 29, 1969 in Adkins v.

Lear, Inc., 67 Cal.2d 882, 64 Cal.Rptr. 545, 435 P.2d 321.