**LOUIS ENDER, INC., Plaintiff,**

v.

**GENERAL FOODS CORPORATION, Defendant.**

**No. 70 Civ. 3050.**

United States District Court, S. D. New York.

Feb. 4, 1972.

Sidney S. Bobbe, New York City, for plaintiff.

Sullivan & Cromwell, New York City, for defendant; Robert MacCrate, William T. Stephens, New York City, of counsel.

PALMIERI, District Judge.

Defendant moves for summary judgment on the ground that prior determinations by New York courts in this action between the same parties are *res judicata* as to issues which are dispositive of this action. Rule 56, Fed.R.Civ. P. The motion is also based upon alternative grounds under Rule 12(b) (1) and 12(b) (6), Fed.R.Civ.P., but these need not be discussed in view of the conclusions hereinafter set forth.

This controversy presents a conflict with respect to the use of the trademark MAXIM. Plaintiff Louis Ender, Inc. (Ender), which owned the registered trademark MAXIM for sardines, entered into an agreement dated July 31, 1963, whereby Ender granted to General Foods' assignor "his nominees and/or assigns its consent to the registration and/or use of the name MAXIM limited to coffee in any form and tea in any form." Ender further agreed that it would "not use the name MAXIM for any coffee, coffee product, beverage product, or any preparation for use in making any beverage or beverage product."

General Foods began to market coffee under the MAXIM mark in November 1963. In January 1964 it filed its application to register the mark for that purpose, relying upon its use of the mark on coffee and the absence of any use by others of the MAXIM mark for that product. In September 1964 General Foods was granted registration. Some time thereafter Ender began to sell orange juice and other beverages under the name MAXIM. In 1967 General Foods initiated litigation in the New York Supreme Court, Westchester County, for a permanent injunction to restrain Ender from marketing beverages under the Maxim mark, claiming that Ender had breached the consent agreement and had engaged in unfair competition. In July 1970, while that litigation was *sub judice*, Ender filed a complaint in this court alleging that General Foods fraudulently obtained registration of the MAXIM trademark for coffee and sought cancellation of the federal registration (Louis Ender, Inc. v. General Foods Corporation, 70 Civ. 3050).

In an opinion dated February 10, 1971, this court stayed all proceedings before it to abide the decision of the New York State Supreme Court. On May 28, 1971, a final judgment was entered in the Supreme Court, Westchester County, granting General Foods a permanent injunction restraining Ender from marketing beverages under the MAXIM name (General Foods Corporation v. Louis Ender, Inc., 37 A.D.2d 1047, 327 N.Y.S.2d 572.) That decision was unanimously affirmed by the Appellate Division, Second Department, on November 1, 1971. Thereafter the New York Court of Appeals denied leave to Ender to appeal by order of December 1, 1971, and denied Ender's motion to reargue its motion for leave to appeal by order of January 7, 1971. On this date Ender filed an amended complaint in this court. What follows assumes a familiarity with this court's opinion of February 10, 1971, and with the New York State court proceedings.

Ender's amended complant before this court again alleges that General Foods fraudulently obtained registration of the MAXIM mark thereby resulting in dam-

ages to Ender in that the latter was obligated to litigate the action General Foods brought against Ender in New York and that the consequent injunction "forced" Ender to dispose of large quantities of canned beverages "at a great sacrifice." An additional allegation is in the nature of a civil rights claim that because the trial judge had died before passing on Ender's application for a new trial, Ender was therefore denied due process of law and was deprived of equal protection of the laws.

For reasons that appear below this court grants General Foods' motion for summary judgment to dismiss Ender's amended complaint in this court.

■ Ender's claim of fraudulent conduct of General Foods relating to its application for registration of the trademark MAXIM for coffee is without merit. The New York trial court expressly found that General Foods' claim of ownership of the name MAXIM was a claim of ownership of that name for use in marketing coffee and was not an assertion of general ownership, and that General Foods could and did properly state in its application that it knew of no right to use that name which would conflict with its use for coffee. The trial court expressly concluded that Ender's "claim of fraudulent conduct of [General Foods] in connection with its filing of its application for registration of the trademark MAXIM for coffee is without merit." That court's final judgment of May 28, 1971, ultimately affirmed by the New York Court of Appeals, and subject to no further appeal, is therefore conclusive between the parties. The issues upon which Ender's claim is asserted here were finally and conclusively determined adversely to Ender. The doctrine of collateral estoppel thus prevents Ender from relitigating these issues here. See Vernitron Corporation v. Benjamin, 440 F.2d 105, 108 (2d Cir. 1971); Zdanok v. Glidden Company, Durkee Famous Foods Division, 327 F. 2d 944, 953 (2d Cir. 1964).

■■ Ender's remaining grievances are without substance. Ender's litigation expenses in defending the action properly brought against it by General Foods and its compliance with the court's decision "at a great sacrifice" can hardly be deemed to be more than the risks incurred by any unsuccessful litigant. Ender cannot claim compensable damage because it lost a meritorious action brought against it. Ender's claim of the denial of its constitutional rights is based upon an alleged grievance thoroughly litigated before the New York State courts—that it was entitled to a new trial after the tragic death of Justice Galloway notwithstanding the conclusion of the trial and the filing of a detailed decision granting General Foods permanent injunctive relief. A separate appeal was taken by Ender from the denial of its motion for a new trial and the Appellate Division, after a full hearing, unanimously affirmed the order denying Ender's motion.

■ Traditional principles of comity, *res judicata* and public policy affecting federal-state relationships strongly militate against any review of the resolution of this controversy by the New York State courts after some four years of litigation. Restatement of Judgments, Chap. 3 § 68(1) (1942), Wright, Law of Federal Courts, pp. 171 et seq. (1970 ed.); Note, Federal Jurisdiction and Res Judicata: Litigation in State Courts of Federal Constitutional Questions Closing the Door to the Federal Courts, 24 U. Miami L.Rev. 835 (1970). Nor are any discernible constitutional questions posed by this contention.

The motion of General Foods for summary judgment dismissing Ender's complaint is granted. It is so ordered.