■ SOCIEDAD ANONIMA DE INVERSIONES COMERCIALES E INDUSTRIALES, Appellant-Respondent, v. LEONE BOSURGI et al., Respondents, and BENEDICT GINSBURG, Respondent-Appellant. LEONE BOSURGI et al., Plaintiffs, v. CHEMICAL BANK NEW YORK TRUST COMPANY, Respondent.— Order, Supreme Court, New York County, entered on August 22, 1972, insofar as it denied plaintiff's motion for an order of consolidation or concurrent consideration and for summary

judgment, unanimously reversed, on the law, and said order, insofar as it denied the cross motion of defendant Benedict Ginsberg, Esq., unanimously modified, on the law and the facts, and the cross motion granted only to the extent of a remand for a hearing to determine the fixation of fees, all without costs and without disbursements. The main motion for summary judgment is meritorious. The documentary evidence submitted on the motion, conceded to be "genuine and authentic", conclusively demonstrates that the fund in question represented the proceeds of a trust established in writing, December 10, 1954, between plaintiff and the Bosurgi defendants and their mother, Adriana Bosurgi; and that it belongs to plaintiff, for whom the defendants, Bosurgi, have been simply holding it in a fiduciary and custodial capacity. Thus, there is no genuine issue of fact in respect of title thereto. The posture of the Chemical Bank is not realistic. We perceive no development whereby the bank could possibly be prejudiced by this grant of summary judgment. Nor can the pending Federal actions and proceedings present any bar to the entry of summary judgment in favor of the plaintiff, as the tax liens, if valid, are not affected. In any event, we find no impediment to this court's determining an issue of fact competently before it, regardless of peripheral Federal questions. (*Venitron Corp.* v. *Benjamin,* 440 F. 2d 105, cert. den., 402 U. S. 987.) And it is clearly so when the plaintiff herein has not been stayed by a Federal court order. Concur — McGivern, J. P., Markewich, Kupferman, Lane and Steuer, JJ.