POLES, INC., W. F. Keegan & Company, Inc.

v.

ESTATE OF William H. A. BEECKER a/k/a William Beecker.

Civ. A. No. 78–1843.

United States District Court,
E. D. Pennsylvania.

June 25, 1979.

Nelson E. Kimmelman, Philadelphia, Pa., for plaintiffs.

James M. Peck, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

HUYETT, District Judge.

Plaintiffs have moved for reconsideration of our order dismissing their complaint for lack of jurisdiction. *Poles, Inc. v. Estate of William H. A. Beecker,* 461 F.Supp. 878 (E.D.Pa.1978). Because we believe that our earlier decision was required by *Thiokol Chemical Corp. v. Burlington Industries, Inc.,* 448 F.2d 1328 (3d Cir. 1971), *cert. denied,* 404 U.S. 1019, 92 S.Ct. 684, 30 L.Ed.2d 668 (1972), plaintiffs' motion is denied.

■ Plaintiffs contend that our earlier decision ignores the holding and policy enunciated in *Lear, Inc. v. Adkins,* 395 U.S. 653, 89 S.Ct. 1902, 23 L.Ed.2d 610 (1969). *Lear* established, and our earlier decision in no way intimated to the contrary, that in a state suit for royalties a licensee may assert patent invalidity as a defense. This is undoubtedly the law. In a suit between defendant and these plaintiffs for royalties, plaintiffs can avail themselves of the defense of patent invalidity. That is not, however, the issue in this case. Here we are required to determine whether federal jurisdiction exists on these facts based on 28 U.S.C. § 1338(a). For the reasons discussed in our earlier memorandum, we believe this issue is controlled by *Thiokol, supra,* and that plaintiffs' complaint must be dismissed for lack of jurisdiction.

Plaintiffs argue that *American Sterilizer Co. v. Sybron Corp.,* 526 F.2d 542 (3d Cir. 1975), compels an opposite result. We do not agree. In *American Sterilizer,* a case in which diversity jurisdiction existed, the district court refused to permit the licensee to raise patent invalidity as a defense to a counterclaim. *See id.* at 544–45. The Third Circuit reversed, holding that *Lear, supra,* made this defense available. The court also alluded to *Sybron's* contention that *Thiokol* barred the district court's consideration of counts I and II of the amended complaint.

Count I, which alleged that the patent was invalid, is analogous to the instant complaint. Although it did not decide the issue, the court noted:

In *Thiokol* we held that the district court lacked jurisdiction under 28 U.S.C. § 1338(a) in a declaratory judgment action by a licensee to invalidate a patent. In that case where diversity jurisdiction was not asserted and did not appear to be present, we noted that 28 U.S.C. § 1338(a) was "[t]he only basis of jurisdiction pleaded . . . ." *Id.* at 1330. Although we express no opinion as to jurisdiction on remand, we recognize that here Amsco not only asserts § 1338(a) jurisdiction but also predicates jurisdiction on the parties' diversity of citizenship, 28 U.S.C. § 1332, an aspect not present in *Thiokol.*

*American Sterilizer Co. v. Sybron Corp., supra,* 526 F.2d at 549 n. 13. We do not interpret this language as a repudiation of *Thiokol,* which, unlike *American Sterilizer,* was a case that turned on the question of § 1338(a) jurisdiction. As in *Thiokol,* diversity of citizenship is not present in this case.

As the Third Circuit noted in *Thiokol,* "the question whether such a suit as we have here is within original federal jurisdiction was not before the court in the *Lear* case." 448 F.2d at 1330. As we discussed in our earlier memorandum, the Third Circuit then considered the question and decided that federal jurisdiction did not exist. We do not believe that this holding has been overruled by the Third Circuit. Consequently, we do not believe that plaintiffs' reliance on *Milton Roy Co. v. Bausch & Lomb Inc.,* 418 F.Supp. 975 (D.Del.1976), justifies our reaching a contrary conclusion.

■ In support of their motion, plaintiffs argue that our prior decision was based on the absence of a provision in the license enabling plaintiffs to terminate the license unilaterally.[1] We do not agree. Although

---

1. Failure of a licensee to terminate a license clearly does not preclude the licensee from raising patent validity. *American Sterilizer Co. v. Sybron Corp.,* 526 F.2d 542, 546 (3d Cir. 1975). Likewise, if a license agreement does not provide for termination, a licensee may nonetheless challenge patent validity in an action in which there is jurisdiction. The question in this case is not whether a licensee can challenge the patent's validity—a question resolved

our earlier memorandum discussed the absence of a provision of this sort, our discussion in this regard was intended to point out the one factual distinction between the instant case and *Thiokol.* Our decision was based however, on the conclusion that, as in *Thiokol,* the complaint revealed that plaintiffs were protected from an infringement action by the presence of the license.[2] The only action that defendant could bring against them was a suit based on the license in state court. At no point is it alleged in the complaint in this action that defendant terminated the license or threatened to do so. Nor is it alleged that defendant threatened to sue for infringement. Defendant's threat, which is consistent with the proposition that plaintiffs were not facing a suit for infringement, was suit on the license in state court.[3] *See* Complaint ¶ 10. In this situation, we agree with the Seventh Circuit that "where diversity is lacking, a patent licensee's declaratory complaint which asserts patent invalidity simply to avoid the obligations of the license does not state a claim arising under the patent laws within the meaning of 28 U.S.C. § 1338(a)." *Milprint, Inc. v. Curwood, Inc.*, 562 F.2d 418, 422 (7th Cir. 1977).[4]

We therefore decline to vacate our previous order dismissing plaintiffs' complaint.

by *Lear, supra*—but rather is whether § 1338(a) jurisdiction exists when a licensee, in the absence of diversity of citizenship, desires to contest patent validity while the license is still in effect.

2. As we pointed out in our earlier memorandum, the *Thiokol* plaintiff, like the plaintiffs in this case, had refused prior to commencing suit to make further royalty payments. In that case, as in this one, there was no allegation that defendants had proposed or threatened to commence an action for infringement. The Third Circuit declined to accept plaintiff's argument that jurisdiction could be premised on the possibility that defendants might treat the re-

fusal to make payments as a repudiation, terminate the license themselves, and move against plaintiff as an infringer. *Thiokol, supra*, 448 F.2d at 1330 n.2.

3. Defendant, in fact, has now commenced a state suit based on the license.

4. For a thorough discussion of federal question jurisdiction and the Declaratory Judgment Act, see Judge Cahn's opinion in *Crown Cork & Seal Co. v. Pennsylvania Human Relations Comm'n*, 463 F.Supp. 120 (E.D.Pa.1979), which contains a discussion of *Thiokol, supra.*