Arnold D. GOODRIDGE, Plaintiff,

v.

The HARVEY GROUP INC. and Components Plus, Inc.,
Defendants-Counterclaimants,

v.

Frank FERNANDEZ and Alfonse Daula, Additional Defendants on the Counterclaims.

Arnold D. GOODRIDGE and New Wave Electronics, Inc., Plaintiffs,

v.

The HARVEY GROUP INC. and Components Plus, Inc.,
Defendants-Counterclaimants,

v.

Frank FERNANDEZ and Alfonse Daula, Additional Defendants on the Counterclaims.

Nos. 82 Civ. 8691 (MEL), 82 Civ. 8692 (MEL).

United States District Court, S.D. New York.

Feb. 13, 1985.

Grutman, Miller, Greenspoon, Hendler & Levin, New York City, for plaintiffs Arnold D. Goodridge and New Wave Electronics, Inc.; Richard E. Hahn, New York City, of counsel.

Seyfarth, Shaw, Fairweather & Geraldson, New York City, for defendant-counter-claimant The Harvey Group Inc.; Michael L. Hirschfeld, Alice Baron, Robert J. Feinstein, New York City, of counsel.

Ferber, Greilsheimer & Chan, New York City, for additional defendants on the counterclaims, Frank Fernandez and Alfonse Daula; Robert N. Chan, New York City, of counsel.

## MEMORANDUM

LASKER, District Judge.

The Harvey Group, Inc. ("Harvey"), moves, pursuant to Rule 65(a) of the Federal Rules of Civil Procedure for a preliminary injunction restraining Frank Fernandez ("Fernandez"), and any other party to this action from prosecuting certain third-party claims asserted by Fernandez against Harvey in an action commenced by *Goodridge* against *Fernandez* in the Supreme Court of the State of New York, County of New York. The motion is denied.

## I.

On December 3, 1982 Arnold Goodridge ("Goodridge") and New Wave Electronics, Inc. ("New Wave"), commenced actions against Harvey and Components Plus, Inc. ("CPI") in the Supreme Court, New York County, to recover (1) on a promissory note, (2) for breach of an employment agreement and (3) for the breach of a consulting agreement. Harvey and CPI later removed the actions to this court. In their answer to the pleadings they asserted various counterclaims and sued Fernandez as one of the additional defendants on the counterclaims. On June 23, 1983 summary judgment was granted as to Harvey on the ground that there was no basis for "piercing the corporate veil" to hold Harvey liable for agreements to which CPI, and not Harvey, was the signatory. At a later date, Fernandez moved to disqualify Seyfarth, Shaw, Fairweather & Geraldson ("Seyfarth, Shaw") as counsel for Harvey and CPI, and the motion was denied on July 30, 1984.[1]

---

1. Plaintiffs' motion for reconsideration and reargument was denied on this same date.

On August 28, 1984 Goodridge and New Wave commenced an action in the Supreme Court, New York County, against Fernandez on his guaranty of payment of the obligations under the promissory note, the employment agreement and the consulting agreement which are the subject of the present federal suit. Fernandez then filed third-party claims against Harvey for indemnification. It is the litigation of Fernandez' third-party claims which Harvey now seeks to enjoin.

## II.

Harvey asserts that two issues which have been decided previously by this Court, i.e., Harvey's liability for CPI's obligations and whether Seyfarth, Shaw should be disqualified as counsel, are likely to be relitigated in the New York action.[2] Goodridge and Fernandez argue that they are asserting claims in the state court which have not been asserted in this action and therefore this court is barred by 28 U.S.C. § 2283 (1982) (hereinafter "the anti-injunction statute") from enjoining the state court proceeding. Harvey answers that under the circumstances of this case the anti-injunction statute does not prevent enjoining the state proceeding because the case falls within the exceptions which allow a court to issue an injunction to "protect or effectuate its judgments" and "where necessary in aid of its jurisdiction."[3]

However, the policy of comity which prompted the enactment of the anti-injunction statute requires that the exceptions be narrowly construed. As stated by the Supreme Court,

[S]ince the statutory prohibition against such injunctions in part rests on the fundamental constitutional independence of the States and their courts, the exceptions should not be enlarged by loose statutory construction. Proceedings in state courts should normally be allowed to continue unimpaired by intervention of the lower federal courts.   * * *

*Atlantic Coast Line Railroad Company v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 287, 90 S.Ct. 1739, 1743, 26 L.Ed.2d 234 (1970).

Generally, under the statute an injunction is considered to be "necessary in aid of a court's jurisdiction" in an *in rem* proceeding in which, to secure or retain jurisdiction, control over the *res* must be asserted. *See Vendo Co. v. Lektro-Vend Corp.*, 433 U.S. 623, 642, 97 S.Ct. 2881, 2893, 53 L.Ed.2d 1009 (1977); *Heyman v. Kline*, 456 F.2d 123, 131 (2d Cir.), *cert. denied*, 409 U.S. 847, 93 S.Ct. 53, 34 L.Ed.2d 88 (1972); *Companion Life Insurance Co. v. Matthews*, 547 F.Supp. 836, 839 (S.D.N.Y.1982). However, even when an action is not *in rem*, injunctive relief may be "necessary to prevent a state court from so interfering with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case." *Atlantic Coast Line R.R. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 295, 90 S.Ct. 1739, 1747, 26 L.Ed.2d 234 (1970); *accord Complaint of Cosmopolitan Shipping Co. S.A.*, 453 F.Supp. 268 (S.D.N.Y. 1978).

In this action Goodridge seeks recovery from CPI on the promissory note, employment agreement and consulting agreement. In contrast, in the state action

---

**2.** Harvey asserts that the anti-injunction statute is not a bar "where no state court action is pending, or where the claims whose prosecutions is sought to be enjoined have not been asserted in the pending state action." However, as the plaintiffs correctly point out, this is irrelevant here because the state action has already commenced and the claims which Harvey seeks to enjoin have already been asserted.

**3.** Harvey also asserts that in addition to the exceptions enumerated in the anti-injunction

statute, there is a judicially recognized exception permitting injunctions against baseless and vexatious state court actions. Whether this exception is still viable is questionable at best. *See, e.g., Browning Debenture Holders' Committee v. DASA Corp.*, 454 F.Supp. 88, 100 n. 15 (S.D.N.Y.), *aff'd* 605 F.2d 35 (2d Cir.1978). However, we do not answer this question because we find Fernandez' assertion of the third-party claims as a defense against the complaint filed by Goodridge cannot be characterized as "vexatious."

Goodridge seeks recovery from Fernandez on Fernandez' guaranty of the above obligations and Fernandez, in turn, seeks recovery from Harvey on third-party claims which Fernandez has not asserted in the federal action. Based upon these facts we conclude that the state court action does not, at least on the present state of the record, pose a threat to "the very authority of the federal court." *Vernitron Corporation v. Benjamin*, 440 F.2d 105, 108 (2d Cir.), *cert. denied*, 402 U.S. 987, 91 S.Ct. 1664, 29 L.Ed.2d 154 (1971). If it later becomes apparent that the state proceedings constitute a genuine threat to this court's jurisdiction Harvey is free to renew his application based upon those developments.

■ Further, Harvey's assertion that a motion by Fernandez to disqualify Harvey's counsel "will make a mockery" of this court's prior order is at best premature. Even if the state court were to entertain a motion to disqualify Harvey's counsel in the proceedings before it, such a ruling, were it to be granted, could not be said to interfere with the jurisdiction of this court so long as it did not purport to affect the proceedings here in any way. As stated in *Vendo Co. v. Lektro-Vend Corp.*, 433 U.S. 623, 642, 97 S.Ct. 2881, 2893, 53 L.Ed.2d 1009 (1977) (plurality opinion)

> [E]ach court is free to proceed in its own way and in its own time, without reference to the proceedings in the other court. Whenever a judgment is rendered in one of the courts and pleaded in the other, the effect of that judgment is to be determined by the application of the principles of *res judicata* ....

However, if, as Harvey fears, Fernandez were to move to disqualify Seyfarth, Shaw from acting as counsel to Harvey in [the state court matters] and "in connection with any other matters involving the same

or related subject matter," at that point it would be necessary to stay the assertion of that claim in state court "in aid of (this court's) jurisdiction". Upon appropriate application we would grant relief promptly.

In sum, we conclude that the jurisdictional exception presently does not apply to the proscription against the issuance of an injunction in this case.

### III.

■ The exception which permits the stay of state court proceedings to protect or effectuate the judgments of a federal court, is commonly referred to as "the relitigation exception." *See Complaint of Cosmopolitan Shipping Co. S.A.*, 453 F.Supp. 268, 270 (S.D.N.Y.1978). In this circuit, the exception applies to interlocutory orders as well as final decrees. *Sperry Rand Corporation v. Rothlein*, 288 F.2d 245, 249 (2d Cir.1961).

■ Fernandez asserts three claims in his third-party action against Harvey in the state court. The first and third causes of action do not seek to relitigate Harvey's liability for CPI's obligations. They assert claims against Harvey directly, pursuant to agreements to which Harvey was itself a signatory. Fernandez' second cause of action in the state suit asserts that Harvey is liable for the obligations of CPI as a result of the merger of CPI into Harvey. Although this claim may involve allegations already decided by this Court in favor of Harvey, Fernandez (1) was not yet a party to this action when the issue of Harvey's liability, if any, for CPI's obligation was litigated and (2) has never raised this claim in the federal action. These facts render the relitigation exception inapplicable in the circumstances since, as we construe the decisions, it governs only the case in which the parties enjoined from relitigating issues in state court were the same as those who were before the federal court.[4] *See, e.g.*,

**4.** As stated previously, Harvey seeks to enjoin Fernandez' third-party claims and is not moving for a preliminary injunction to halt Goodridge and New Wave's claims against Fernandez. The effect, therefore, of granting Harvey's motion

would be to deprive Fernandez of the ability to defend against the charges in the state complaint. As an equitable consideration, this result weighs heavily against the issuance of an injunction staying the third party claims. How-

*Browning Debenture Holders' Committee v. DASA Corp.*, 605 F.2d 35 (2d Cir.1978); *Ward v. Pennsylvania New York Central Transportation Co.*, 456 F.2d 1046 (2d Cir. 1972).

Finally, as to the possibility that Fernandez may move to disqualify Harvey's counsel, for substantially the same reasons that were stated in Point II., we conclude it is not necessary at this time to stay the assertion of the state court claim to "protect or effectuate" any earlier judgment of this court.

For the foregoing reasons, we conclude that 28 U.S.C. § 2283 prohibits the stay of the proceedings currently pending in the New York court.

The motion is denied.[5]

It is so ordered.

ever, we do not reach the point of balancing the equities in this case because we have concluded that the anti-injunction statute bars the stay of the state court proceedings.

5. We do not here consider Fernandez' request for attorneys fee because such a request must be made by motion. Rule 11, Federal Rules of Civil Procedure.