**MAINE ASSOCIATION OF INTERDE-PENDENT NEIGHBORHOODS, INCORPORATED, Plaintiff,**

**v.**

**Michael PETIT, Commissioner of the Maine Department of Human Services, and Otis R. Bowen, Secretary of Health and Human Services, Defendants.**

**Civ. No. 85–0236–B.**

United States District Court, D. Maine.

July 18, 1986.

---

**11.** The Court, of course, takes no position as to whether or not either petitioner should *actually* be released on parole.

Jack Comart, Pine Tree Legal Assistance, Inc., Augusta, Me., for plaintiff.

Katherine Greason, Asst. Atty. Gen., Dept. of Human Services, Legal Div.—STA 11, Augusta, Me., for defendant Petit.

Timothy C. Woodcock, Asst. U.S. Atty., Bangor, Me., and Joyce Elise McCourt, Asst. Regional Atty., Dept. of Health & Human Services, Boston, Mass., for defendant Bowen.

## MEMORANDUM OF DECISION

CYR, Chief Judge.

Plaintiff Maine Association of Interdependent Neighborhoods, Inc. (MAIN) brought this action in state court against the Commissioner of the Maine Department of Human Services (Commissioner) and the Secretary of the United States Department of Health and Human Services (Secretary), seeking review of a regulation governing eligibility for the Aid to Families with Dependent Children program, 42 U.S.C. §§ 601–615 (1982), as well as declaratory and injunctive relief. The Secretary removed the action to this court pursuant to the federal officer removal statute, 28 U.S.C. § 1442(a)(1). On January 16, 1986 the court granted the Secretary's motion to dismiss on the ground that plaintiff lacked standing to sue. Plaintiff moves to alter and amend the order and judgment, Fed.R. Civ.P. 59(e), to provide for remand of the action, rather than dismissal.

"If at any time before final judgment it appears that the case was removed *improvidently and without jurisdiction,* the district court *shall* remand the case...." 28 U.S.C. § 1447(c) (emphasis added). MAIN argues that this action must be remanded pursuant to section 1447(c) in light of the court's holding that it did not have jurisdiction over the claim because MAIN lacked standing, hence there was no constitutionally cognizable "case or controversy."

The present action was removed pursuant to section 1442(a)(1), which provides in pertinent part as follows:

A civil action or criminal prosecution commenced in a State court against any of the following persons may be removed by them to the district court of the United States for the district and division

embracing the place wherein it is pending:

> (1) Any officer of the United States or any agency thereof, or person acting under him, for any act under color of such office ...

28 U.S.C. § 1442(a)(1). In contrast to the general provision for removal of civil actions, which ties removal jurisdiction to the original jurisdiction of the district court, *see* 28 U.S.C. § 1441, removal jurisdiction under section 1442(a)(1) may be invoked whenever any officer of the United States is sued "for any act under color of office."[1]

The issue raised by the pending motion is whether this action, which was removed under section 1442(a)(1) but subsequently dismissed for lack of standing, was removed "improvidently and without jurisdiction," thus requiring remand. In these circumstances the court concludes that remand would contravene the important purposes of the federal officer removal statute.

First enacted in 1815, the federal officer removal statute was designed to "protect federal officers from interference by hostile state courts." *Willingham v. Morgan,* 395 U.S. 402, 405, 89 S.Ct. 1813, 1815, 23 L.Ed.2d 396 (1969). As the Court noted in *Tennessee v. Davis,* 100 U.S. (10 Otto) 257, 25 L.Ed. 648 (1880) [upholding constitutionality of removal statute], the Federal Government

can act only through its officers and agents, and they must act within the States. If, when thus acting, and within the scope of their authority, those officers can be arrested and brought to trial in a State court, for an alleged offence against the law of the State, yet warranted by the Federal authority they possess, and if the general government is powerless to interfere at once for their protection,—if their protection must be left to the action of the State court,—the operations of the general government may at any time be arrested at the will of one of its members. The legislation of a State may be unfriendly. It may affix penalties to acts done under the immediate direction of the national government, and in obedience to its laws. It may deny the authority conferred by those laws. The State court may administer not only the laws of the State, but equally Federal law, in such a manner as to paralyze the operations of the government.

*Id.* at 263. Removal "permits a trial upon the merits of the state-law question free from local interests or prejudice." *Arizona v. Manypenny,* 451 U.S. 232, 242, 101 S.Ct. 1657, 1664, 68 L.Ed.2d 58 (1981) [citation omitted]. Thus,

> the right of removal under § 1442(a)(1) is *made absolute* whenever a suit in a state court is for any act "under color" of federal office, regardless of whether the suit could originally have been brought in a federal court. Federal jurisdiction rests on a "federal interest in the mat-

---

**1.** As the Supreme Court has noted, and in contrast to the general removal provision, "the invocation of removal jurisdiction by a federal officer does not revise or alter the underlying law to be applied. In this respect, it is a purely derivative form of jurisdiction, neither enlarging nor contracting the rights of the parties." *Arizona v. Manypenny,* 451 U.S. 232, 242, 101 S.Ct. 1657, 1664, 68 L.Ed.2d 58 (1981). Thus, "[section] 1442 itself grants independent jurisdictional grounds over cases involving federal officers where a district court otherwise would not have jurisdiction." *IMFC Professional Services v. Latin American Home Health, Inc.,* 676 F.2d 152, 156 (5th Cir.1982) [footnote omitted].

Plaintiff originally sought to apply these principles in response to the Secretary's motion to dismiss for lack of standing, arguing that MAIN

had standing in state court, and therefore, because removal jurisdiction under section 1442 is derivative, MAIN has standing in federal court. This argument was rejected, however, on the ground that Congress cannot expand upon the *constitutionally* prescribed limitations on the power of the federal courts. *See* Order of January 16, 1986, at 3–4 n. 3; *see also Havens Realty Corp. v. Coleman,* 455 U.S. 363, 372, 102 S.Ct. 1114, 1120, 71 L.Ed.2d 214 (1982) [although Congress may remove judicially created prudential barriers to standing, litigants must satisfy "the Art. III minima of injury in fact"]. The court did not consider whether section 1442(a)(1) removed prudential barriers to standing, as it found that MAIN had not satisfied the constitutional requirements for standing. *See* Order of January 16, 1986, at 4 n. 3.

ter," *Poss v. Lieberman*, 299 F.2d 358, 359 (C.A.2d Cir.), cert. denied, 370 U.S. 944 [82 S.Ct. 1585, 8 L.Ed.2d 810] (1962), the very basic interest in the enforcement of federal law through federal officials.

*Willingham*, 395 U.S. at 406, 89 S.Ct. at 1815 [emphasis added].

■ Plaintiff's lack of standing does not alter the indisputable fact that the defendant Secretary is a federal officer who is being sued for an act performed under color of federal office (i.e., promulgating a regulation). Given that "the right of removal is absolute for conduct performed under color of federal office," *Manypenny*, 451 U.S. at 242, 451 S.Ct. at 1664, the removal of this action cannot be said to have been "improvident and without justification."

Section 1447(c) requires the court to remand cases "removed improvidently and without jurisdiction." As the removal jurisdiction of the district court may be broader or narrower than its original jurisdiction, *see* 1A Moore's Federal Practice, ¶ 0.169[1] at 676 (rev.1983), section 1447(c) refers to the court's *removal* jurisdiction when it speaks of an action having been "removed improvidently and without [removal] jurisdiction." As noted above, however, under the federal officer removal provision there is an absolute right of removal whenever a federal officer is sued in state court for any act performed under color of office. If section 1447(c) were thought to require remand, due to plaintiff's lack of standing, following a proper removal under section 1442(a)(1), the "absolute right" of a federal officer to obtain removal of an action brought against him for his official acts would be defeated. Since the remand order is *not* reviewable, *see* 28 U.S.C. § 1447(d); *Thermtron Products, Inc. v. Hermansdorfer*, 423 U.S. 336, 342–43, 96 S.Ct. 584, 588–89, 46 L.Ed.2d 542 (1976), the federal officer defendant would be bound to litigate in state court a claim which the plaintiff would have no standing to bring in federal court.

Such a result would defeat the strong federal interest underlying the removal statute, *see, e.g., Bradford v. Harding*, 284 F.2d 307, 310–11 (2d Cir.1960) [removal under section 1442 rests on "far stronger considerations of policy" than general removal, as it vindicates the interests of government itself], and it would do so in cases in which the claim is most abstract, that is, where plaintiff has not shown the existence of a constitutionally cognizable "case or controversy."

■ To the extent that these provisions appear in conflict, section 1442 and section 1447(c) may be harmonized by applying the standard for remand only to the facts pertinent to section 1442(a)(1) removal; that is, removal is improvident and without jurisdiction only if the party seeking removal is not a federal officer covered by the statute, or the act for which the officer is being sued was not done under color of office. Otherwise, the action was not "removed improvidently and without jurisdiction", the right of removal is "absolute," *Manypenny*, 451 U.S. at 242, 101 S.Ct. at 1664, and it is not defeated by a later finding that plaintiff lacks standing.

The cases cited by plaintiff do not support a different result. Plaintiff cites several cases for the proposition that remand is proper once the court determines that it lacks jurisdiction. *See, e.g., James v. Bellotti*, 733 F.2d 989, 993 (1st Cir.1984). All of these cases, however, involve removal under the general removal statute, 28 U.S.C. § 1441, and do not address the narrower issue raised by plaintiff's motion. *See, e.g.,* 733 F.2d at 992–93 ["Removal from a State court is proper *only if* the district court has original jurisdiction … and the only possible ground for removal here is that the case arose under federal law…. We see no adequate basis for federal jurisdiction, and conclude that this action was improvidently removed."].

The cited cases involving the remand of an action removed pursuant to section 1442(a)(1) are not on point. In *Monal Construction Co. v. Brookside Limited Partnership*, 539 F.Supp. 478, 482 (W.D.Pa.

1982), the court determined that the United States, rather than a federal agency, was the "real party in interest." Therefore, because section 1442(a)(1) provides for removal for any *"officer of the United States or any agency thereof,"* the court concluded that removal was improvident, and remand required, because the United States, as a party, was not entitled to remove. In *IMFC Professional Services v. Latin American Home Health, Inc.,* 676 F.2d 152 (5th Cir.1982), the court considered whether remand was required after the federal defendant, which had removed the action, was dismissed from the case. Relying on principles of ancillary jurisdiction, the court held that the decision to remand was within the discretion of the district court. *Id.* at 160. In holding that the district court had removal jurisdiction, the court stated:

> The *only prerequisite to removal of a civil action under § 1442 is that it be brought against a federal officer or agency.* There is no indication in § 1442 that the federal court must have subject matter jurisdiction over the claim against the federal officer. To the contrary, § 1442 itself grants independent jurisdictional grounds over cases involving federal officers where a district court otherwise would not have jurisdiction.

*Id.* at 156 (footnotes omitted, emphasis added). Similarly, in *Johnson v. Showers,* 747 F.2d 1229 (8th Cir.1984), and *District of Columbia v. Merit Systems Protection Board,* 762 F.2d 129 (D.C.Cir.1985), the courts held that remand was *discretionary* when the removing federal defendant is dismissed, leaving only nonfederal defendants.

Although these cases do not squarely address the precise issue presented in this case,[2] they all support the theme that section 1442(a)(1) should be construed so as to assure that federal defendants have a federal forum in which to litigate "official" defenses. *See, e.g., Johnson,* 747 F.2d at 1229; *see also Willingham,* 395 U.S. at 407, 89 S.Ct. at 1816 [in suits against federal officers, Congress has determined that federal officers and the Federal Government require the protection of a federal forum, and this policy should not be frustrated "by a narrow, grudging interpretation of § 1442(a)(1)."]; *National Audubon Society v. Department of Water and Power,* 496 F.Supp. 499, 505 (E.D.Cal.1980) ["if the action is removable but defective, the United States has the right to test the viability of the suit in a federal forum."].

Similarly, the court considers that the policies underlying section 1442(a)(1) should not be frustrated by an unnecessarily expansive interpretation of section 1447(c). Once the action has been removed properly pursuant to section 1442(a)(1), the removal is not rendered improvident and without jurisdiction by a later determination that plaintiff lacked standing to sue.

---

**2.** It would appear that the issue posed by this case is one of first impression. The court has not discovered any case considering the effect of a determination that plaintiff lacks standing to sue after removal pursuant to section 1442(a)(1).