Frank B. JAMES, et al., Plaintiffs,

v.

Donald P. HODEL, et al., Defendants.

Civ. A. No. 87–1749.

United States District Court,
District of Columbia.

Sept. 2, 1988.

Robert C. Hahn and William A. Hahn, Boston, Mass., Donald W. Whitehead, Washington, D.C., for plaintiffs.

Native America Rights, Wampanoag Tribal Council Gay Head, Inc., Henry J. Sockbeson and Gladys Widdiss, Washington, D.C., pro se.

Pauline H. Milius, Land & Nat. Resources Div., Dept. of Justice, Gen. Lit. Sec., Robert A. Dublin, Office of Gen. Counsel, Dept. of Health and Human Services, Washington, D.C., for Federal defendants.

## MEMORANDUM ORDER

FLANNERY, District Judge.

The defendants have filed a motion to dismiss this case, or in the alternative, to transfer the case to the United States District Court for the District of Massachusetts, where a related case is now pending. Subsequent to the filing of the plaintiffs' First Amended Complaint, President Reagan signed legislation that moots plaintiffs' central claim against the government defendants, and deprives this court of jurisdiction to reach the merits of the others; claims against the nongovernment defendants also have been mooted by this legislation, and in any event would be precluded by prior adjudication in the Massachusetts courts. The court therefore will grant the defendants' Motion to Dismiss.

This case presents one of the latest attempts by a litigious, dissenting faction of the Gay Head Indians of Martha's Vineyard, Massachusetts, to challenge the tribal leadership role assumed by the Wampanoag Tribal Council of Gay Head, Inc. (the Tribal Council), a challenge that has been pursued on several judicial fronts.[1] The protracted history of the plaintiffs' intratribal dispute with the Tribal Council has been recited elsewhere;[2] it is sufficient at this juncture to describe the complaint now before the court as a challenge to the Interior Secretary's acknowledgment of the Tribal Council as a federally recognized Indian tribe,[3] and to his refusal to give similar recognition to the faction led by the plaintiffs. The complaint also asserts claims against leaders of the Tribal Council (and their attorneys) for actions they have taken in representing the Gay Head Indians.

Among other endeavors on behalf of the tribe, the Tribal Council sought for years to quiet title to certain lands within the Town of Gay Head, Massachusetts, that have been claimed by the Gay Head Indians.[4] The Tribal Council, the United States, the Commonwealth of Massachusetts, and the Town of Gay Head arrived at a settlement of these claims in 1983 that required implementing legislation by the United States Congress; this legislation was signed by the President on August 20, 1987 (the Settlement Act).[5]

---

1. See James v. United States Dep't of Health & Human Servs., 824 F.2d 1132 (D.C.Cir.1987); James v. Bellotti, 733 F.2d 989 (1st Cir.1984); James v. Watt, 716 F.2d 71 (1st Cir.1983), cert. denied sub nom. James v. Clark, 467 U.S. 1209, 104 S.Ct. 2397, 81 L.Ed.2d 354 (1984); James v. Wampanoag Tribal Council of Gay Head, Inc., 23 Mass.App. 122, 499 N.E.2d 1213, appeal denied 398 Mass. 1107, 503 N.E.2d 36 (1986).

2. See James v. United States Dep't of Health & Human Servs., 824 F.2d 1132, 1133–35 (D.C.Cir. 1987).

3. See Federal Acknowledgment of the Wampanoag Council of Gay Head, Inc., 52 Fed.Reg. 4193 (Feb. 10, 1987). This recognition was effected pursuant to 25 C.F.R. §§ 83.1–83.11 (procedures for recognizing existence of Indian Tribes).

4. Wampanoag Tribal Council of Gay Head, Inc. v. Town of Gay Head, No. 74–5826 (D.Mass.).

5. Wampanoag Tribal Council of Gay Head, Inc., Indian Claims Settlement Act of 1987, Pub.L. No. 100–95, 101 Stat. 704 (August 18, 1987) (Settlement Act).

The Settlement Act has several provisions that are dispositive of claims before the court. In Section 2(7), the act provides that "the [Interior] Secretary has acknowledged the existence of the Wampanoag Tribal Council of Gay Head, Inc., and Congress hereby ratifies and confirms that existence as an Indian tribe with a government to government relationship with the United States." In Section 8(2), Congress recognized the Tribal Council as the "sole and legitimate tribal entity" with a claim to land in Gay Head. Finally, Section 10 bars any challenge to the Settlement Act itself "unless the complaint is filed within thirty days after the date of enactment," and confers "exclusive, original jurisdiction" over any such action on the United States District Court for the District of Massachusetts.

The ratification and confirmation of the government defendants' decision to recognize the Tribal Council transforms the plaintiffs' challenge to that decision into a challenge of the Settlement Act itself.[6] The challenge to the refusal to recognize the dissenting faction as a tribe, which arguably is a distinct claim, also implicates the Settlement Act because Congress explicitly designated the Tribal Council as the "sole and legitimate entity" to represent Indians in the area. Once Congress has thus ratified agency action by statute, even if that action had been arbitrary and capricious, judicial review requires a challenge to the statute itself.

The court is not entitled to consider whether the plaintiffs have any basis for such a challenge, because the United States District Court for Massachusetts has exclusive jurisdiction over challenges to the Settlement Act.[7] In opposition to the Motion to Dismiss, plaintiffs argue that the "focus" in this case "is on the propriety of Interior's action," and assert on this basis that the case is properly maintained in this court. The Settlement Act does not preempt the challenge to the Interior Department's decision, plaintiffs say, because the Settlement Act is under challenge in the Massachusetts court and "therefore is not final and could be set aside."[8]

The possibility that the Settlement Act might be invalidated, however, does not entitle this court to disregard the jurisdictional restriction contained in Section 10 until there has been a final adjudication of validity. Accepting plaintiff's argument to the contrary would require a conclusion by this court that the Settlement Act is presumptively invalid. Nor is the court persuaded by the plaintiffs' argument that the Court of Appeals for the District of Columbia Circuit "preapproved the format [or forum] of the instant case,"[9] by affirming this court's dismissal of an earlier complaint.[10] That case antedated the Settlement Act, and thus has no bearing on the issues before the court.

■ The passage of the Settlement Act has mooted the claims against the government defendants; an action against these defendants could go forward only if enforcement of the Settlement Act were enjoined, a remedy which this court is now without jurisdiction to consider. Congress' explicit recognition of the Tribal Council also bars the claims against the nongovernment defendants, claims which generally challenge the Tribal Council's continued conduct as the governing entity of the Gay Head Indians. It is conceivable, though not argued by the plaintiffs, that some of their claims against the nongovernment defendants for their conduct in representing the dissenting faction are not mooted by the Settlement Act; any such claims would necessarily depend on a challenge to the

---

6. Plaintiffs characterize their complaint as one that "plainly seeks review of and relief from defendant Secretary Hodel's purported acknowledgment of the Tribal Council ...," but it is apparent that no relief from the "purported acknowledgment" could be possible without a successful challenge to the Settlement Act. Plaintiff's Opposition to Defendant's Motion To Dismiss (Opposition) at 1.

7. Settlement Act, § 10.

8. Plaintiff's Opposition at 1.

9. Plaintiff's Opposition at 2.

10. *James v. United States Dep't of Health & Human Servs.*, 824 F.2d 1132 (D.C.Cir.1987).

defendant's legitimacy as the exclusive representative of the Gay Head Indians, however, and this issue has been conclusively decided in favor of the defendants by a final judgment of a Commonwealth of Massachusetts court.[11]

■ The plaintiffs have purposefully distinguished their claims in this case from a related and pending challenge to the Settlement Act which they have brought in federal court in Massachusetts.[12] This court has reviewed the plaintiffs allegations in that action,[13] and has determined that there are no justiciable and substantial claims remaining in this case that have not been presented to the United States District Court for Massachusetts already. Dismissal, rather than transfer, therefore is appropriate.

For these reasons, it is by the court this 2nd day of September, 1988,

ORDERED that the defendants' Motions to Dismiss are granted; and it is further

ORDERED that the Clerk is directed to dismiss this case with prejudice.

---

**11.** *James v. Wampanoag Council of Gay Head, Inc.,* 23 Mass.App. at 124–25, 499 N.E.2d at 1515 (Tribal Council's "authority to act as the tribe's exclusive representative" adjudicated in favor of the Council).

**12.** *James v. United States,* No. 87–2283–WF (D.Mass.)

**13.** *See* Complaint, *James v. United States,* No. 87–2283–WF (D.Mass. Oct. 30, 1987), *appended to* Opposition.