DOCTOR'S ASSOCIATES, INC., Plaintiff,

v.

Emily DISTAJO, et al., Defendants.

Civil No. 3:94CV00349 (PCD).

United States District Court,
D. Connecticut.

Jan. 3, 1996.

William J. Doyle, Edward Wood Dunham, Mark Richard Kravitz, Kevin M. Kennedy, and Wiggin & Dana, New Haven, CT, for Plaintiff.

Nicholas E. Wocl, Tooher & Puzzuoli, Stamford, CT, David M. Duree, and Robert L. Carter, Reinert, Duree & Crane, St. Louis, MO, for Defendants, Emily Distajo, Renato Distajo, Constantino Lamando, and Milo Lamando.

Nicholas E. Wocl, Tooher & Puzzuoli, Stamford, CT, for Defendants, Jose Alberto Brenes, Alvaro Guerrero, Maria T. Guerrero, Wesam S. Youmaran, Linda Youmaran, Julie Shino, Johnson Shino, Albert Yonan, Leylah Yonan, Louis Loenneke, Mary Ann Bookout, and John S. Papaleo.

Edward E. Angwin, Birmingham, AL, for Defendants, John A. McCrary, Paul Riise, and Melissa Riise.

David M. Duree, Reinert, Duree & Crane, St. Louis, MO, for Defendants, Ronald Rothmund, Patricia Rothmund, Sandra Bickel and Raymond Bickel.

### RULING ON MOTION FOR PRELIMINARY INJUNCTION

DORSEY, Chief Judge.

Plaintiff Doctor's Associates, Inc. ("DAI") is the national franchisor of Subway sandwich shops, and defendants are Subway franchisees. The parties entered into standard franchise agreements, which required arbitration of all contractual disputes in Bridgeport, Connecticut, under Connecticut law. When contractual disputes did arise, the franchisees sought judgments against DAI in numerous state courts around the country. DAI has petitioned this court to compel arbitration of the franchise disputes pursuant to 9 U.S.C. § 4. DAI presently seeks an injunction of the franchisees' state court actions until the arbitration question is decided

by this court in these seventeen consolidated cases.[1]

## I. DISCUSSION

### A. Likelihood of Success on the Merits, Irreparable Harm, Balance of Hardships

■ The franchisees oppose DAI's motion on a number of grounds that have been considered in previous decisions, the substance of which will not be repeated at length. DAI has satisfied the standard for issuance of a preliminary injunction by demonstrating a likelihood of success on the merits and irreparable harm should the injunction not be granted. See Toy Mfrs. of Am., Inc. v. Blumenthal, 806 F.Supp. 336, 340 (D.Conn.1992), aff'd, 986 F.2d 615 (2d Cir. 1993). If DAI must continue to litigate in multiple state courts, its costs will be substantial and non-recoverable. Further, DAI will face difficulty in conducting its business if courts in different states render inconsistent judgments and do not apply the franchise agreement uniformly.[2]

On the other hand, the franchisees will lose nothing if an injunction is granted, except the opportunity to argue their cases in state court at the present time. In fact, the franchisees would gain from an injunction because each of them could proceed in a single forum, rather than incurring the time and expense of dual litigation in federal and state court. Thus, the equities tip decidedly in favor of granting the relief requested.

### B. Anti–Injunction Act

Under normal circumstances, the foregoing would end the discussion. In the instant matter, however, the relief sought is governed by the Anti–Injunction Act, 28 U.S.C. § 2283.[3] The Anti–Injunction Act forbids federal courts from staying state court proceedings, subject to exceptions that are narrow and are not to be enlarged by loose statutory construction. See Chick Kam Choo v. Exxon Corp., 486 U.S. 140, 146, 108 S.Ct. 1684, 1689, 100 L.Ed.2d 127 (1988); see also Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs, 398 U.S. 281, 287, 90 S.Ct. 1739, 1743, 26 L.Ed.2d 234 (1970).

#### 1. Necessary in Aid of Federal Jurisdiction

One exception to the Anti–Injunction Act permits a federal court to stay state court proceedings when "necessary in aid of its jurisdiction." 28 U.S.C. § 2283 (1994). In Standard Microsystems Corporation v. Texas Instruments Incorporated, 916 F.2d 58 (2d Cir.1990), the Second Circuit cited In re Baldwin–United Corporation, 770 F.2d 328, 337 (2d Cir.1985), for the proposition that the "necessary in aid of" exception encompasses "circumstances ... where a federal court is on the verge of settling a complex matter, and state court proceedings may undermine its ability to achieve that objective...." 916 F.2d at 60. In Baldwin, the Second Circuit upheld an injunction because the district court was about to approve a settlement that was threatened by parallel state court litigation. 770 F.2d at 337. See also James v.

---

3:95CV00120 DAI v. Bickel

1. In one of the seventeen cases, DAI v. Kanchwala, 3:95CV01915, the relief presently sought has already been granted. The other sixteen consolidated cases are as follows:

| | |
|---|---|
| 3:94CV00349 | DAI v. Distajo |
| 3:94CV00369 | DAI v. Gillon |
| 3:94CV00370 | DAI v. Smith |
| 3:94CV00371 | DAI v. Riise |
| 3:94CV00372 | DAI v. Benton |
| 3:94CV00511 | DAI v. Brenes |
| 3:94CV00514 | DAI v. Guerrero |
| 3:94CV00515 | DAI v. Youmaran |
| 3:94CV00516 | DAI v. Shino |
| 3:94CV00517 | DAI v. Loenneke |
| 3:94CV00803 | DAI v. Johnson |
| 3:94CV00948 | DAI v. Kane |
| 3:94CV01108 | DAI v. Gianinni |
| 3:94CV01456 | DAI v. Rothmund |
| 3:94CV01457 | DAI v. Papaleo |

2. DAI may never enjoy a perfectly uniform application of the franchise agreement: arbitration has not been required for the franchisee John McCrary, Doctor's Assocs., Inc. v. Distajo, 66 F.3d 438, 447–49 (2d Cir.1995), but may yet be compelled for other franchisees. See id. at 458 (vacating injunction and remanding issues for consideration). Although perfect uniformity may, at this stage, be unobtainable, DAI still has a strong interest in having the arbitration question resolved as to the remaining franchisees in a consistent manner.

3. Also relevant is the policy favoring "rapid and unobstructed enforcement of arbitration agreements." Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 23, 103 S.Ct. 927, 941, 74 L.Ed.2d 765 (1983).

*Bellotti,* 733 F.2d 989, 993–94 (1st Cir.1984) (provisional settlement would support a protective injunction).

■ These cases are instructive. Although this court is not on the verge of approving a settlement, it is on the verge of resolving this matter. Only two issues remanded by the Court of Appeals remain to be decided. *See Doctor's Assocs., Inc.,* 66 F.3d at 458 (fraud in inducing the franchise agreement and waiver of the right to arbitrate). These issues will be heard on February 5, 1996, after completion of discovery, and will thereafter be decided promptly.[4]

Also instructive is the principle that the "necessary in aid of" exception "is meant 'to give sufficient flexibility that a federal court, as a court of equity, may ... deal adequately with the situation at hand.'" *James,* 733 F.2d at 993 (quoting 1A MOORE'S FEDERAL PRACTICE ¶ 0.208a[2] at 2336 (citation omitted)). In light of this consideration, numerous factors favor enjoining the franchisees' state court actions:

- The parties, lawyers, and witnesses could be spared great time and expense if the arbitration question is litigated in a single forum, rather than in numerous proceedings across the country. DAI has thousands of franchisees, and the franchisees have pressed their disputes in courts in at least five different states, including Alabama, Illinois, Massachusetts, North Carolina, and Pennsylvania.

- Judicial resources could be conserved by avoiding duplicative consideration by numerous judges of the same issues. Judicial economy could also be served because this court has already acquired substantial familiarity with the issues presented, having had jurisdiction over these and related disputes for over eighteen months.

- Comity between federal and state courts could be preserved by avoiding conflicting judgments. At least one state court has shown a willingness to decide an issue in a manner contrary to a previous-

ly rendered federal judgment. *Compare Kanchwala v. Doctor's Assocs., Inc.,* No. 95–L–1291 (Cir.Ct., 3d Jud.Dist., Madison County Ill. filed Oct. 13, 1995) at 2 ("[T]he arbitration clause in the franchise agreements is unenforceable because it lacks mutuality.") *with Doctor's Assocs., Inc.,* 66 F.3d at 458 ("We affirm the district court's holding that 'mutuality' was not at issue ... [W]here consideration supports a contract as a whole, an arbitration clause in that contract is not void for lack of consideration.") (decided Sept. 12, 1995).

- The arbitration agreement expresses the parties' interest in resolving franchise disputes in a single forum. Enjoining multiple state court proceedings will best preserve this interest in a single forum.

- Although it is presumed that the state courts are equally competent to resolve the issues presented, DAI has asserted, without contradiction by the franchisees, that the state courts have rushed to judgment without allowing the parties adequate time for discovery or other trial preparation.

The foregoing demonstrates that this is an instance where injunctive relief is "necessary to prevent ... state court[s] from so interfering with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case." *Atl. Coast Line R.R. Co.,* 398 U.S. at 295, 90 S.Ct. at 1747 (dicta); *see also In re Corrugated Container Antitrust Litig.,* 659 F.2d 1332, 1334–35 (5th Cir.1981) (citing *Atlantic Coast Line* where a "complicated antitrust action ... required a great deal of the district court's time ... [and a state court's actions] would clearly [have] interfere[d] with the multidistrict court's ability to dispose of the broader action pending before it"), *cert. denied sub nom. Three J Farms, Inc. v. Pls.' Steering Comm.,* 456 U.S. 936, 102 S.Ct. 1993, 72 L.Ed.2d 456 (1982).

4. Indeed, it seems that it will be eminently possible to decide these issues quickly given that, in a number of the consolidated cases, DAI has represented, without contradiction by the franchisees, that there is no factual foundation for the remaining defenses. (Of course, though, discovery remains to be completed, and the issues have not been finally briefed for determination.).

### 2. Necessary to Protect or Effectuate Federal Judgment

Another exception to the Anti–Injunction Act permits a federal court to stay state court proceedings when "necessary ... to protect or effectuate its judgments." 28 U.S.C. § 2283 (1994). This exception is commonly known as the "relitigation" exception because it permits enjoining state litigation of an issue that was previously presented to and decided by the federal court. *See Kidder, Peabody & Co., Inc. v. Maxus Energy Corp.*, 925 F.2d 556, 565 (2d Cir.1991), *cert. denied*, 501 U.S. 1218, 111 S.Ct. 2829, 115 L.Ed.2d 998 (1991).

 The "relitigation" exception does not authorize enjoining state litigation of issues on which the federal court's decision was reversed. *Woods Exploration & Producing Co. v. Aluminum Co. Of Am.*, 438 F.2d 1286, 1315 (5th Cir.1971), *cert. denied*, 404 U.S. 1047, 92 S.Ct. 701, 30 L.Ed.2d 736 (1991). Because the Court of Appeals rejected this court's determination of the waiver and fraud issues, *Doctor's Assocs., Inc.*, 66 F.3d at 458, the "relitigation" exception is not a basis for enjoining state litigation of these questions.

The "relitigation" exception, however, does authorize enjoining state litigation of issues on which the federal court's judgment was affirmed. *See Cowgill v. Raymark Indus., Inc.*, 832 F.2d 798, 802 (3d Cir.1987) ("When a court of appeals reverses a judgment and remands for further consideration of a particular issue, leaving other determinations of the trial court intact, the unreversed determinations continue to work an estoppel.") (discussing law of the case and collateral estoppel); *see also Huguley v. Gen. Motors Corp.*, 999 F.2d 142, 145 (6th Cir.1993) ("The relitigation exception is grounded in principles of res judicata and collateral estoppel.").[5] Because the Court of Appeals affirmed this court's determination of the "mutuality" question, *Doctor's Assocs., Inc.*, 66 F.3d at 458, the "relitigation" exception authorizes an injunction of state court proceedings on this issue.

Unlike the "necessary in aid of" exception, therefore, the "relitigation" exception is not a basis for enjoining state litigation of *all* of the issues involved in this matter. Nevertheless, the "relitigation" exception does offer further indication that a critical aspect of the requested injunction is permissible.

### II. CONCLUSION

For the reasons stated, injunctive relief is proper and is not barred by the Anti–Injunction Act. Accordingly, plaintiff's motion for preliminary injunction (doc. 164–1) is granted. Defendants, their agents, representatives, attorneys, and any one acting on their behalf are hereby enjoined, until further order of this court, from commencing, prosecuting, or in any way acting in (1) any action related to or arising under any franchise agreement with plaintiff and/or (2) any matter or dispute which is or may be subject to an arbitration clause in any such agreement. For reasons articulated in previous decisions, plaintiff will not be required to post a bond.

SO ORDERED.

---

**5.** The principle of estoppel is further illustrated by *In re Necchi Sewing Machine Corporation*, 260 F.Supp. 665 (S.D.N.Y.1966). In *Necchi*, the district court enjoined state court proceedings to "'protect' and 'effectuate'" its determination that the disputed issues were referable to arbitration. *Id.* at 669.