Jay and Roslyn **GUNDERSON**,
et al., Plaintiffs,

v.

**ADM INVESTOR SERVICES, INC.,
a Delaware corporation, et al.,
Defendants.**

**No. C 96–3148–MWB.**

United States District Court,
N.D. Iowa,
Central Division.

Sept. 12, 1997.

Joel J. Bellows, Laurel G. Bellows, Nicholas P. Iavarone, Christopher L. Gallinari, Bellows & Bellows, Chicago, IL, for Jay Gunderson, Roslyn Gunderson, Dan Abels, Agcel, Inc., Asa–Brandt, Inc. a/k/a Asa–Brandt Partnership, Philip Asa, Keith Brandt, Robert Becker, Les Beekman, Ron Berschman d/b/a Phoenix Farms, Steve Berschman, SJMC, Corp., Dennis Cink, Daryl Cushman, Davids Farms, Inc., Duane Davids, Dale Kramersmeier and Diana Kramersmeier, Daniel DeWaard, Duane DeWaard, Laurence Doden, M & J Ennen Farms, Inc., Ronny Ennen, Beverly Everett, Richard Gardner, Jerry Giesking, Rande Giesking, David Gerber, Hamilton County Land Corp., Bruce A. Heetland, Heidecker Farms, Inc., Steve Heyer, James L. Hofbauer, Ted Hoover, Janice Hoover, Jerry D. Johnson, Junkmeier Farms, Inc., Ray Lichter, Tom Lichter, Lichter Brothers, Bradley Loucks, Bruce Meinders, Dale Meinders, Garry Meinders d/b/a Meinders Brothers, J & K Oftedahl, Inc., John Oftedahl, Edward A. Otis, Jim Otis, Pitkin Farms, Ltd., Jeff Pitkin, Sandale Farms, Inc., Ronald Schmidt, Debra Schmidt, Schutjer Bros., Inc. f/k/a Schutjer Brothers, Dennis Schutjer, Reginald Schutjer, Wendell Schutjer, Steve Shortenhaus, Shawn Thomsen, Bill Walstead, Joyce Walstead, Cecil Welhousen.

Richard K. Updegraff, Steven C. Schoenebaum, Brown, Winick, Graves, Gross, Baskerville and Schoenebaum, P.L.C., Des Moines, IA, Terry F. Moritz, Daniel P. Shapiro, Kenneth S. Ulrich, Lisa M. Young, Goldberg, Kohn, Bell, Black, Rosenbloom & Moritz, Ltd., Chicago, IL, for Farmers Cooperative Company, Farmers Cooperative Elevator d/b/a Titonka Farmers Cooperative, Farmers Cooperative Elevator of Buffalo Center, IA, The Farmers Co–Operative Society, West Bend Elevator Company, Farmers Cooperative Elevator, Woden, Iowa, Bode Cooperative, Cylinder Cooperative Elevator Company, Cooperative Grain & Product Company.

## ORDER REGARDING MOTION TO ENJOIN STATE COURT LITIGATION

BENNETT, District Judge.

The court is called upon here to decide whether to intercede in a race to the courthouse. In this case, grain producers assert that the "hedge-to-arrive" contracts ("HTAs") they entered into for the sale and purchase of grain constitute illegal futures

contracts under the Commodity Exchange Act, 7 U.S.C. §§ 1–25, and that the propagation of the HTAs was done in violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962(c). Plaintiffs have named as defendants a futures commission merchant, various grain elevators, introducing brokers, and a commodities trading adviser. In response, the grain elevator defendants have filed parallel actions in Iowa state court for breach of contract. Currently, plaintiffs seek to enjoin the grain elevators' parallel state court actions. Resolution of plaintiffs' motion requires the court to determine whether injunction of the state court proceedings is permitted under the Anti–Injunction Act, 28 U.S.C. § 2283.

## I. INTRODUCTION AND BACKGROUND

This case was filed in the United States District Court for the Northern District of Illinois on June 14, 1996, by a group of grain producers, as representatives of a purported class, seeking declaratory judgment and other relief.[1] The case concerns the legality of so-called "hedge-to-arrive" contracts ("HTAs") for the sale and purchase of grain between grain producers and elevators.[2] The first amended complaint asserts the following fifteen claims: Counts I and II allege violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), under 18 U.S.C. § 1962(c), by ADM, CSA, FAC–MARC, and Agri–Plan; Count III alleges a RICO violation, under 18 U.S.C. § 1962(c), by Titonka; Count IV alleges a RICO violation, under 18 U.S.C. § 1962(c), by ADM; Count V alleges fraud in violation of § 4b of the Commodity Exchange Act ("CEA"), 7 U.S.C. § 6b, against ADM and CSA; Count VI alleges that the HTAs are illegal because they violate §§ 4(a) and 4(c) of the CEA, 7 U.S.C. §§ 6(a) and 6(c); Count VII seeks declaratory judgment of the rights of the parties to the HTAs, a declaration that the HTAs are illegal, void, and unenforceable, because they violate §§ 4(a)-(c) of the CEA, 7 U.S.C. §§ 6(a)-(c), § 2(a)(1) of the Securities Act of 1933, 15 U.S.C. § 77b(a)(1), and § 3(a)(10) of the Securities Act of 1934, 15 U.S.C. § 78c(a)(10); Count VIII alleges a violation of the CEA, 7 U.S.C. § 6d, by the defendant grain elevators; Count IX alleges a violation of the CEA, 7 U.S.C. § 6o(1), by Titonka, FCE, Bode Co-op, Buffalo Center, West Bend, Cylinder Co-op, FCS and Farmer's Co-op; Count X alleges a state-law claim for recision of the HTA contracts against

---

1. On September 25, 1996, this case was transferred to the Northern District of Iowa by order of the Honorable Suzanne B. Conlon, United States District Court Judge for the Northern District of Illinois.

2. The named plaintiffs are: Jay Gunderson and Roslyn Gunderson; Dan Abels; Agcel, Inc.; Asa–Brandt, Inc. a/k/a Asa–Brandt Partnership; Philip Asa; Keith Brandt; Robert Becker; Les Beekman; Ron Berschman d/b/a Phoenix Farms; Steve Berschman; SJMC, Corp.; Dennis Cink; Daryl Cushman; Davids Farms, Inc.; Duane Davids; Dale Kramersmeier and Diana Kramersmeier; Daniel DeWaard; Duane DeWaard; Laurence Doden; M & J Ennen Farms, Inc.; Ronny Ennen; Beverly Everett; Richard Gardner; Jerry Giesking; Rande Giesking; David Gerber; Hamilton County Land Corp.; Bruce A. Heetland; Heidecker Farms, Inc.; Steve Heyer; James L. Hofbauer; Ted Hoover; Janice Hoover; Jerry D. Johnson; Junkmeier Farms, Inc.; Ray Lichter; Tom Lichter; Lichter Brothers; Bradley Loucks; Bruce Meinders; Dale Meinders and Garry Meinders d/b/a Meinders Brothers; J & K Oftedahl, Inc.; John Oftedahl; Edward A. Otis; Jim Otis; Pitkin Farms, Ltd.; Jeff Pitkin; Sandale Farms, Inc.; Ronald Schmidt; Debra Schmidt; Schutjer Bros., Inc. f/k/a Schutjer Brothers; Dennis Schutjer; Reginald Schutjer; Wendell Schutjer; Steve Shortenhaus; Shawn Thomsen; Bill Walstead; Joyce Walstead and Cecil Welhousen. The defendants are: ADM Investor Services, Inc., ("ADM") a futures commission merchant registered with the Commodity Futures Traders Commissions ("CFTC"); FAC–MARC, Inc. ("FAC–MARC"), a commodity trading advisor registered with the CFTC; Agri–Plan, Inc., ("Agri–Plan") and Competitive Strategies for Agriculture, Ltd. ("CSA"), both registered with the CFTC as introducing brokers of ADM; Farmers Cooperative Company ("Farmers Co-op"); Farmers Cooperative Elevator d/b/a Titonka Farmers Cooperative ("Titonka"); Farmers Cooperative Elevator of Buffalo Center, Iowa ("Buffalo Center"); The Farmers Co–Operative Society ("FCS"); West Bend Elevator Company ("West Bend"); Farmers Cooperative Elevator, Woden, Iowa ("FCE"); Bode Cooperative ("Bode Co-op"); Cylinder Cooperative Elevator Company ("Cylinder Co-op") and Cooperative Grain & Product Company ("Cooperative Grain"). Defendants Farmers Co-op, Titonka, Buffalo Center, FCS, West Bend, FCE, Bode Co-op, Cylinder Co-op and Cooperative Grain are all Iowa grain elevators.

defendant grain elevators; Count XI alleges a state-law claim of breach of fiduciary duty against ADM, FAC–MARC, Agri–Plan, and CSA; Count XII alleges a state-law claim for breach of fiduciary duty against the defendant grain elevators; Count XIII alleges a state-law claim of fraudulent misrepresentation against ADM, FAC–MARC, Agri–Plan, CSA and Titonka; Count XIV alleges a state-law claim for breach of contract against the defendant Grain Elevators; Count XV alleges a state-law claim for negligence against the defendant grain elevators.

On July 10, 1996, the grain elevator defendants filed fifty-nine individual lawsuits in Iowa state district court against various plaintiffs in this case asserting claims for breach of contract. The contracts at issue in the Iowa state cases are the same HTAs which form the subject of litigation before this court. In response to the grain elevator defendants filing of their Iowa state court actions, plaintiffs filed their Motion For An Order Enjoining Defendants From Litigating Related Claims As Separately Filed Actions In Other Courts. In their motion, plaintiffs request the court to enjoin the fifty-nine Iowa district court lawsuits filed by the grain elevator defendants. Plaintiffs assert that the court has authority to enjoin the state court cases under either Federal Rule of Civil Procedure 13(a) or as an exception to the Anti–Injunction Act, 28 U.S.C. § 2283. The grain elevator defendants have filed a timely resistance to plaintiffs' motion in which they assert that such an injunction of state court proceedings is not authorized by either Federal Rule of Civil Procedure 13(a) or as an exception to the Anti–Injunction Act. Because the parties' arguments are largely centered on the Anti–Injunction Act, before analyzing the specific legal arguments advanced in this case the court will discuss the scope and application of the Anti–Injunction Act.

## II.  LEGAL ANALYSIS

### A.  The Anti–Injunction Act

#### 1.  Scope and purpose of the Anti–Injunction Act

The grain elevator defendants argue that the court lacks the authority to stay the Iowa state court proceedings, because the Anti–Injunction Act prohibits such an action. The Anti–Injunction Act provides:

> A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

28 U.S.C. § 2283.

The United States Supreme Court explained the purpose of the Anti–Injunction Act:

> The Act, which has existed in some form since 1793, see Act of Mar. 2, 1793, ch. 22, § 5, 1 Stat. 335, is a necessary concomitant of the Framers' decision to authorize, and Congress' decision to implement, a dual system of federal and state courts. It represents Congress' considered judgment as to how to balance the tensions inherent in such a system. Prevention of frequent federal court intervention is important to make the dual system work effectively. By generally barring such intervention, the Act forestalls "the inevitable friction between the state and federal courts that ensues from the injunction of state judicial proceedings by a federal court." *Vendo Co. v. Lektro–Vend Corp.*, 433 U.S. 623, 630–631, 97 S.Ct. 2881, 2887, 53 L.Ed.2d 1009 (1977) (plurality opinion). Due in no small part to the fundamental constitutional independence of the States, Congress adopted a general policy under which state proceedings "should normally be allowed to continue unimpaired by intervention of the lower federal courts, with relief from error, if any, through the state appellate courts and ultimately this Court."

*Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 146, 108 S.Ct. 1684, 1689, 100 L.Ed.2d 127 (1988) (quoting *Atlantic Coast Line R.R. Co. v. Brotherhood of Locomotive Eng'rs*, 398 U.S. 281, 287, 90 S.Ct. 1739, 1743, 26 L.Ed.2d 234 (1970)).

■   The Court has further explained that the Anti–Injunction Act "imposes an absolute ban upon the issuance of a federal injunction against a pending state court proceeding, in the absence of one of the recognized excep-

tions...." *Mitchum v. Foster*, 407 U.S. 225, 228–29, 92 S.Ct. 2151, 2155, 32 L.Ed.2d 705 (1972); *accord Vendo Co. v. Lektro–Vend Corp.*, 433 U.S. 623, 630, 97 S.Ct. 2881, 2887, 53 L.Ed.2d 1009 (1977) (holding that unless one of the exceptions governs, federal courts are "absolute[ly] prohibit[ed]" from enjoining a state judicial proceeding); *Atlantic Coast Line R.R. Co.*, 398 U.S. at 286, 90 S.Ct. at 1743 (holding that the Anti–Injunction Act constitutes "an absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of [the] three specifically defined exceptions."); *Amalgamated Clothing Workers v. Richman Bros.*, 348 U.S. 511, 516, 75 S.Ct. 452, 455, 99 L.Ed. 600 (1955) ("[l]egislative policy is here expressed in a clear-cut prohibition qualified only by specifically defined exceptions...."); *In re SDDS, Inc.*, 97 F.3d 1030, 1037 (8th Cir.1996) ("The Supreme Court has 'expressly rejected the view that the anti-injunction statute merely states a flexible doctrine of comity, and [has] made clear that the statute imposes an absolute ban upon the issuance of a federal injunction against a pending state court proceeding, in the absence of one of the recognized exceptions ...'") (quoting *Mitchum*, 407 U.S. at 228–29, 92 S.Ct. at 2155; *Kansas Public Employees Retirement Sys. v. Reimer & Koger Assocs., Inc.*, 77 F.3d 1063, 1068 (8th Cir.) ("The Anti–Injunction Act prohibits federal courts from enjoining proceedings in state courts unless the injunction falls within one of three exceptions."), *cert. denied,* —— U.S. ——, 117 S.Ct. 359, 136 L.Ed.2d 250 (1996); *Employers Resource Management Co. v. Shannon*, 65 F.3d 1126, 1130 (4th Cir.1995) ("[I]t now is settled that the Act is 'an absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of [those] three specifically defined exceptions.'") (quoting *Atlantic Coast Line R.R. Co.*, 398 U.S. at 286, 90 S.Ct. at 1743), *cert. denied,* —— U.S. ——, 116 S.Ct. 816, 133 L.Ed.2d 761 (1996); *Standard Microsystems Corp. v. Texas Instruments Inc.*, 916 F.2d 58, 60 (2d Cir.1990) ("The Supreme Court has construed the Act to forbid a federal court from enjoining a party from prosecuting a state court action unless one of the three exceptions stated in the statute obtains."); *United States Steel Corp. Plan for Employee Ins. Benefits v. Musisko*, 885 F.2d 1170, 1175 (3d Cir.1989) ("Unless one of the exceptions governs the order, federal courts are 'absolute[ly] prohibit[ed]' from enjoining a state judicial proceeding."), *cert. denied,* 493 U.S. 1074, 110 S.Ct. 1121, 107 L.Ed.2d 1028 (1990); *Garcia v. Bauza–Salas*, 862 F.2d 905, 907 (1st Cir. 1988) (holding that the Anti–Injunction Act creates "an absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of [the] three specifically defined exceptions.") (quoting *Atlantic Coast Line R.R. Co.*, 398 U.S. at 286, 90 S.Ct. at 1743).

■ The Anti–Injunction Act permits injunctions in three, specific circumstances, namely, where the injunction (1) is expressly authorized by Congress; (2) is necessary in aid of the federal court's jurisdiction; or (3) is necessary to protect or effectuate the federal court's judgment. 28 U.S.C. § 2283; *see Chick Kam Choo*, 486 U.S. at 146, 108 S.Ct. at 1689. As the Court has recognized, the exceptions to the Anti–Injunction Act are narrow in scope and are "not [to] be enlarged by loose statutory construction." *Atlantic Coast Line R.R. Co.*, 398 U.S. at 287, 90 S.Ct. at 1743; *accord Chick Kam Choo*, 486 U.S. at 146, 108 S.Ct. at 1689; *In re SDDS, Inc.*, 97 F.3d at 1037; *J.R. Clearwater Inc. v. Ashland Chem. Co.*, 93 F.3d 176, 178 (5th Cir. 1996); *Shannon*, 65 F.3d at 1130; *National Basketball Ass'n v. Minnesota Professional Basketball, Ltd. Partnership*, 56 F.3d 866, 872 (8th Cir.1995); *Royal Ins. Co. of Am. v. Quinn–L Capital Corp.*, 3 F.3d 877, 883 (5th Cir.1993), *cert. denied,* 511 U.S. 1032, 114 S.Ct. 1541, 128 L.Ed.2d 193 (1994). Furthermore, the Court cautioned against enjoining parallel state proceeding in deference to principles of comity and federalism, stating that

[a]ny doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state court to proceed in an orderly fashion to finally determine the controversy. The explicit wording of § 2283 itself implies as much, and the fundamental principle of a dual system of courts leads inevitably to that conclusion.

*Atlantic Coast Line R.R. Co.,* 398 U.S. at 297, 90 S.Ct. at 1748; *accord Vendo Co.,* 433 U.S. at 630, 97 S.Ct. at 2887; *Reimer & Koger Assocs., Inc.,* 77 F.3d at 1068; *Blalock Eddy Ranch v. MCI Telecommunications Corp.,* 982 F.2d 371, 375 (9th Cir.1992); *Musisko,* 885 F.2d at 1176; *Lou v. Belzberg,* 834 F.2d 730, 739 (9th Cir.1987), *cert. denied,* 485 U.S. 993, 108 S.Ct. 1302, 99 L.Ed.2d 512 (1988); *Bluefield Community Hosp., Inc. v. Anziulewicz,* 737 F.2d 405, 408 (4th Cir. 1984); *Delta Air Lines, Inc. v. McCoy Restaurants, Inc.,* 708 F.2d 582, 585 (11th Cir. 1983); *Roth v. Bank of the Commonwealth,* 583 F.2d 527, 534 (6th Cir.1978); *International Controls Corp. v. Vesco,* 490 F.2d 1334, 1348 (2d Cir.), *cert. denied,* 417 U.S. 932, 94 S.Ct. 2644, 41 L.Ed.2d 236 (1974). Thus, an injunction staying state proceedings is proper only if it falls within one of the statutory exceptions. *Chick Kam Choo,* 486 U.S. at 146, 108 S.Ct. at 1689; *Atlantic Coast Line R.R. Co.,* 398 U.S. at 286–87, 90 S.Ct. at 1742–43. Therefore, if an injunction against the Iowa court proceedings is to be issued it must be "expressly authorized by Act of Congress," "necessary in aid of (the court's) jurisdiction," or done "to protect or effectuate (the court's) judgments." 28 U.S.C. § 2283. The next step in the court's analysis, then, is to determine whether the injunction sought by plaintiffs here comes within any of the three exceptions provided in the statute. Here, plaintiffs do not argue that there is any express congressional authorization for injunctions in this situation. Plaintiffs also do not contend that such an injunction would be proper as a means to protect or effectuate a prior court order. Rather, plaintiffs assert that an injunction is permitted in this case because it is "necessary in aid of (the court's) jurisdiction." Therefore, the court must next ascertain whether such a situation is present in the case before it.

### 2. *The in aid of jurisdiction exception*

■ In *Atlantic Coast Line Railroad Co.,* the Supreme Court explained that the necessary in aid of the court's jurisdiction exception to the Anti–Injunction Act means injunctions may be issued where "necessary to prevent a state court from so interfering with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case." *Atlantic Coast Line R.R.,* 398 U.S. at 295, 90 S.Ct. at 1747; *see also* Martin H. Redish, *The Anti–Injunction Statute Reconsidered,* 44 U. CHI. L.REV., 717, 754 (1977) ("necessary in aid of jurisdiction" exception should be construed "to empower the federal court to enjoin a concurrent state proceeding that might render the exercise of the federal court's jurisdiction nugatory."). The "in aid of jurisdiction" exception usually involves *in rem* actions where the court has jurisdiction over a res. *Vendo Co. v. Lektro–Vend Corp.,* 433 U.S. 623, 641–42, 97 S.Ct. 2881, 2892–93, 53 L.Ed.2d 1009 (1977); *Winkler v. Eli Lilly & Co.,* 101 F.3d 1196, 1202 (7th Cir.1996); *Phillips v. Chas. Schreiner Bank,* 894 F.2d 127, 132 (5th Cir.1990); *Garcia,* 862 F.2d at 909; *James v. Bellotti,* 733 F.2d 989, 993 (1st Cir.1984); *see also* 17 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE & PROCEDURE § 4225, at 528–29 (1988). Thus, where the federal court's jurisdiction is in rem and the state court action may effectively deprive the federal court of the opportunity to adjudicate as to the res, the exception for necessity "in aid of jurisdiction" may be appropriate. *Compare Kline v. Burke Constr. Co.,* 260 U.S. 226, 230, 43 S.Ct. 79, 81, 67 L.Ed. 226 (1922) (reversing federal court injunction against state court proceedings where contract obligations were in dispute, rather than rights relating to a res) with *Penn Gen. Cas. Co. v. Pennsylvania ex rel. Schnader,* 294 U.S. 189, 198, 55 S.Ct. 386, 390, 79 L.Ed. 850 (1935) (affirming federal district court's jurisdiction and holding that where two courts have concurrent jurisdiction over a res, the one taking possession first acquires exclusive jurisdiction to the extent necessary for the appropriate control and disposition of the property).

Courts have also recognized the application of this exception in school desegregation cases, where conflicting orders from different courts would only serve to make ongoing federal oversight unmanageable. *Swann v. Charlotte–Mecklenburg Bd. of Educ.,* 501 F.2d 383, 384 (4th Cir.1974); *Oliver v. Kalamazoo Bd. of Educ.,* 510 F.Supp. 1104, 1107 (W.D.Mich.1981); *see also Winkler,* 101 F.3d at 1202 (recognizing exception for school de-

segregation cases); *Garcia,* 862 F.2d at 909 (recognizing school desegregation exception); *see generally* 17 WRIGHT, ET AL., FEDERAL PRACTICE & PROCEDURE § 4225 at at 531. *But see Mannings v. School Bd. of Hillsborough County, Fla.,* 796 F.Supp. 1491, 1493 (M.D.Fla.1992) (in rejecting report and recommendation for issuance of injunction, district court that had entered consent order approving school desegregation plan concluded that it was barred by Anti–Injunction Act from enjoining state court proceedings challenging plan, although state proceedings would likely interfere with federal rights and constitutional guarantees). Additionally, courts have also recognized the application of this exception "where a federal court is on the verge of settling a complex matter, and state court proceedings may undermine its ability to achieve that objective." *Standard Microsystems Corp.,* 916 F.2d at 60; *accord In.re Baldwin–United Corp.,* 770 F.2d 328, 337 (2d Cir.1985) (upholding injunction against state court actions to protect ability of federal court to manage and to settle multi district class action proceeding which was far advanced and in which court had extensive involvement).

▇ Here, the Iowa cases are merely parallel state *in personam* actions, brought within a month of each other in two different courts, disputing the interpretation of contracts. It is well-settled that such circumstances as these do not justify invocation of the exceptions of the Anti–Injunction Act. *See Vendo Co.,* 433 U.S. at 642, 97 S.Ct. at 2893; *Kline,* 260 U.S. at 230, 43 S.Ct. at 81; *Garcia,* 862 F.2d at 909; *Belzberg,* 834 F.2d at 739–40; *Alton Box Bd. Co. v. Esprit de Corp.,* 682 F.2d 1267, 1271 (9th Cir.1982); *Roth,* 583 F.2d at 534; *Vernitron Corp. v. Benjamin,* 440 F.2d 105, 108 (2d Cir.), *cert.*

*denied,* 402 U.S. 987, 91 S.Ct. 1664, 29 L.Ed.2d 154 (1971); *Heyman v. Kline,* 456 F.2d 123, 131 (2d Cir.), *cert. denied,* 409 U.S. 847, 93 S.Ct. 53, 34 L.Ed.2d 88 (1972); see also 17 WRIGHT, ET AL., FEDERAL PRACTICE & PROCEDURE § 4225 at 534–35 ("The 'necessary in aid of its jurisdiction' exception does not allow a federal court to enjoin state proceedings merely because they involve issues presented in a federal *in personam* action."). As Justice Rehnquist noted for the plurality in the *Vendo Co.* case:

> The traditional notion is that *in personam* actions in federal and state court may proceed concurrently, without interference from either court, and there is no evidence that the exception to § 2283 was intended to alter this balance. We have never viewed parallel *in personam* actions as interfering with the jurisdiction of either court....

*Vendo Co.,* 433 U.S. at 642, 97 S.Ct. at 2893. Justice Rehnquist then went on to point out that:

> "(A)n action brought to enforce (a personal liability) does not tend to impair or defeat the jurisdiction of the court in which a prior action for the same cause is pending. Each court is free to proceed in its own way and in its own time, without reference to the proceedings in the other court. Whenever a judgment is rendered in one of the courts and pleaded in the other, the effect of that judgment is to be determined by the application of the principles of *res adjudicata* ...."

*Id.* at 642, 97 S.Ct. at 2893 (quoting *Kline,* 260 U.S. at 230, 43 S.Ct. at 81).

The case at bar is neither an *in rem* action nor is there any ongoing federal jurisdiction that demands protection.[3] The court con-

---

3. Plaintiffs' reliance on the Fifth Circuit's decision in *In re Corrugated Container Antitrust Litig.,* 659 F.2d 1332 (5th Cir.1981), *cert. denied sub nom. Three J. Farms, Inc. v. Plaintiffs' Steering Comm.,* 456 U.S. 936, 102 S.Ct. 1993, 72 L.Ed.2d 456 (1982) is misplaced. *In re Corrugated Container Antitrust Litig.* involved a massive antitrust class action against manufacturers of corrugated containers that was consolidated by the Judicial Panel on Multi District Litigation and transferred to the Southern District of Texas. The multi district court approved of "settlements executed between the class plaintiffs and most of the de-

fendants." *Id.* at 1335. A segment of the class plaintiffs, evidently dissatisfied with the settlements, went to state court with their claims. The Fifth Circuit held that the injunction of the state action was proper because the multi district court's approval of the settlements would "bar the South Carolina litigation" based upon principles of *res judicata. Id.* Thus, the Fifth Circuit based its decision upon the relitigation exception to the Anti–Injunction Act, and not on the "necessary in aid of its [the district court's] jurisdiction" exception to 28 U.S.C. § 2283.

cludes that the granting of the injunctions sought in this case cannot be considered "necessary in aid of its [the district court's] jurisdiction" under 28 U.S.C. § 2283. Therefore, this court cannot enjoin the Iowa state court proceedings. The court recognizes that the existence of parallel proceedings in state and federal court presents multiplicity of suits, which results in additional inconvenience, expense, and delay to the parties involved in the litigation. The Iowa state court proceedings, nonetheless, cannot be enjoined because of the provisions of 28 U.S.C. § 2283. The court must next consider whether it may grant the injunctions pursuant to Federal Rule of Civil Procedure 13(a).

### B. Federal Rule of Civil Procedure 13(a)

 Plaintiffs also maintain in their motion that the court has the discretion to enjoin the Iowa state court actions in order to enforce the dictates of Federal Rule of Civil Procedure 13(a) and avoid duplicative litigation.[4] The court disagrees with this assessment. First, the court notes that plaintiffs have failed to cite to the court any authority for the proposition that the dictates of Federal Rule of Civil Procedure 13(a) create an exception to the Anti–Injunction Act. More importantly, Rule 13(a) has been held not to create an express statutory exception to the proscriptions of the Anti–Injunction Act. *See Seattle Totems Hockey Club, Inc. v. National Hockey League,* 652 F.2d 852, 855 n. 5 (9th Cir.1981), *cert. denied sub nom. Northwest Sports Enters., Ltd. v. Seattle Totems Hockey Club, Inc.,* 457 U.S. 1105, 102 S.Ct. 2902, 73 L.Ed.2d 1313 (1982); *Bruce v. Martin,* 680 F.Supp. 616, 620 (S.D.N.Y.1988); *Carter v. Bedford,* 420 F.Supp. 927, 928 (W.D.Ark.1976); *Nolen v. Hammet Co., Inc.,* 56 F.R.D. 361, 362 (D.S.C.1972); *see also* 6 CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE § 1418 at 148 ("Clearly the language of Rule 13(a) cannot be construed as empower-

ing the federal court to restrain state court proceedings."). Therefore, because the court has already concluded that the Anti–Injunction Act applies in this case and Rule 13(a) doe not create an exception to the Anti–Injunction Act, plaintiffs' Motion For An Order Enjoining Defendants From Litigating Related Claims As Separately Filed Actions In Other Courts is denied.

### III. CONCLUSION

The case at bar is neither an *in rem* action nor is there any ongoing federal jurisdiction that demands protection. Therefore, the court concludes that the granting of the injunctions sought in this case cannot be considered under the "necessary in aid of its jurisdiction" exception to 28 U.S.C. § 2283. The court further concludes that Federal Rule of Civil Procedure 13(a) does not create an exception to the Anti–Injunction Act. Thus, because no exception to the Anti–Injunction Act is present, plaintiffs' Motion For An Order Enjoining Defendants From Litigating Related Claims As Separately Filed Actions In Other Courts is **denied.**

**IT IS SO ORDERED.**

---

4. Federal Rule of Civil Procedure 13(a) provides:
A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction. But the pleader need not state the claim if (1) at the time the action was commenced the claim was the subject of another pending action, or (2) the opposing party brought suit upon his claim by attachment or other process by which the court did not acquire jurisdiction to render a personal judgment on that claim, and the pleader is not stating any counterclaim under this Rule 13. *Fed.R.Civ.P.* 13(a).